**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT**

**SENTENCE BY A PERSON IN FEDERAL CUSTODY**

2:08-CV-17-MTT

| United States District Court For The | District --Middle Dist. Alabama |
|---|---|
| Name: DAVID DEJUAN WISE | Docket or Case No.: 04-00009-CR-T-N |
| Place of Confinement: USP CANAAN, WAYMART, PA | Prisoner No.: 11376-002 |
| UNITED STATES OF AMERICA | Movant (include name under which convicted) |
| v. | DAVID DEJUAN WISE |

**MOTION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: U.S. Dist. Court Middle District of Alabama

    (b) Criminal docket or case number (if you know): 04-00009-CR-T-N

2.  (a) Date of the judgment of conviction (if you know): N/A

    (b) Date of sentencing: July 13, 2005.

3.  Length of sentence: 240 months term of imprisonment.

4.  Nature of crime (all counts): 18 U.S.C. § 841, Possession with intent to dis-22.1 grams of cocaine base ("Crack") and 990.1 grams of cocaine powder.

5.  (a) What was your plea? (Check one)

    (1) Not guilty ☑    (2) Guilty ☐    (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? None Available

6.  If you went to trial, what kind of trial did you have? (Check one)    Jury ☑    Judge only ☐

7.  Did you testify at either a pretrial hearing, trial or post-trial hearing?    Yes ☐    No ☑

8.  Did you appeal from the judgment of conviction?    Yes ☑    No ☐

9.  If you did appeal, answer the following:

(a) Name of court: United States Court of Appeals for the Eleventh Circuit

(b) Docket or case number (if you know): 05-14710-EE

(c) Result: Affirmed on all grounds.

(d) Date of result (if you know): On or about 2007.

(e) Citation to the case (if you know): N/A

(f) Grounds raised: Sufficiency of evidence to sustain a conviction. Sixth & Fifth Amendment violation as a result the Court exclusion of exculpatory evidence to possesssion of cocaine base in count of indict. District Court erred diminshed capacity defense. District Court erred denying request for a special verdict finding on drug quantity pursuant to Apprendi, Blakely, and Booker.

(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐  No ☑

If "Yes," answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

(5) Grounds raised: N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐  No ☑

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, application?

Yes ❑  No ❑  N/A

(7) Result: __N/A_____

(8) Date of result (if you know): __N/A_____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: __N/A_____

(2) Docket or case number (if you know): __N/A_____

(3) Date of filing (if you know): __N/A_____

(4) Nature of the proceeding: __N/A_____

(5) Grounds raised: __N/A_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ❑  No ❑ N/A

(7) Result: __N/A_____

(8) Date of result (if you know): __N/A_____

(c) Did you appeal to a federal appellate court having jurisdiction the action taken on your motion, petition, or application?

(1) First petition:          Yes ❑  No ❑  N/A

(2) Second petition:      Yes ❑  No ❑  N/A

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_____N/A_____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Mr. Wise claims that his Sixth Amendment right to effective representation was violated by trial counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Prior to counsel failed to file pre-trial motion challenging the government's probably to arrest him. The officers in the instant matter claimed they arrested Mr. Wise based only on the fact that he "looked" suspicious while he and his alleged co-defendant were the bus station. They then further reasoned that Mr. Wise, from their observations, was "scanning" the lobby trying to see if he could identify who the plain clothed police were. Based on thier field of work experience, added with Mr. Wise nerousness, they believed then that Mr. Wise was in possession of nacortics. Thus, giving rise to probably cause to approach and arrest Mr. Wise--in violation of his Fourth Amendment right.

(b) **Direct Appeal of Ground One:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☐  No ☑

   (2) If you did not raise this issue in your direct appeal, explain why: Because he had same trial counsel representation on direct appeal. Counsel could not have raised a Sixth Amendment violation claim on herself.

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ☐  No ☑

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition: N/A

   Name and location of the court where the motion or petition was filed: N/A

   Docket or case number (if you know): N/A

   Date of the court's decision: N/A

   Result (attach a copy of the court's opinion or order, if available): N/A

   (3) Did you receive a hearing on your motion, petition, or application?

   Yes ☐  No ☐  N/A

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❏  No ❏  N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❏  No ❏  N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A _____

_____

Docket or case number (if you know): _____ N/A _____

Date of the court's decision: _____ N/A _____

Result (attach a copy of the court's opinion or order, if available): N/A _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue: _____ N/A _____

_____

_____

_____

_____


**GROUND TWO:** Fifth Amendment claim of due process is required that Mr. Wise be re-sentenced in consideration of the recent U.S. Sentencing Commission retroactive amendment.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Mr. Wise was convicted on 990.1 grams of cocaine powder and 22.1 grams of cocaine base. The total of these drugs was calculated altogether to determined the base offense level in USSG § 2D1.2 (the drug table). However, the statutory sentence called for 5-to-40, but since the government had filed an information the minimum/maximum was 30-to-life. The Court used the higher minimum under the guideline resulting in a sentence of 240 months to satisfied the statutory "30-to-life". However, based on the total calculation in the base offense leve, this Court should now reduced Mr. Wise's base offense level by two as the* CONTINUES:

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes ❏  No ☑

(2) If you did not raise this issue in your direct appeal, explain why: Prior to the Sentencing Commission's retroactive amendment, district courts had no authority to reduce the base offense level and thus, Mr. Wise had no legal rights or claims to request the reduction in his base offense.

CONTINUES FROM PAGE (6).

Setencing Commission retoractive amendment will become law on March 3rd, 2008.

As an additional ground for relief, Mr. Wise claims that the United States Supreme Court ruling United States v. Kimborough gives this "discretion" consider the 100-to-1 Crack/Cocaine powder disparity when fashioning a sentence. In light of this discretionary authority, Mr. Wise asserts his sentencing demonstate this Court was willing to impose a lighter sentence had it not been for what the Court termed, by the Eleventh Circuit, "unauthorized sentence".[1] Now that this Court least has the discretionary atuthority to consider the 100-to-1 crack-to-cocaine powder, Mr. Wise requests that it takes upon that as it had indicated it did not had prior to sentencing him--in fashioning Mr. Wise's sentence.

----

[1]. And we know from experience that the conversion of powder cocaine to crack cocaine anymore is a very simple matter and that a large percentage of this powder cocaine that's transported in interstate commerce to various locations is converted to crack cocaine. I have struggled over the years with Congress's decision that crack cocaine is 100 times worse than powder cocaine. That discrepancy offends me because it's not supported by the evidence that I recieved, which would support the findings that I made that this was not a reasonable difference, and for other reasons. All of these reasons sounded good to me ; but they didn't sound very good to the Court of Appeals, and I was reversed every time on them [discretionary sentences]. See Sentencing Transcript at p. 37, Lines 6-to-17.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑ No ☑ N/A

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: **N/A**

Name and location of the court where the motion or petition was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑ No ❑ N/A

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑ No ❑ N/A

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑ No ❑ N/A

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: **There was no previously filed motion.**

**GROUND THREE:** Mr. Wise's Sixth and Fifth Amendment rights to a fair trial violated by the Couer erroneous jury instruction.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): At the jury charge, the Court instructed the jury of its obligation and

sworn duty to up-hold its oath the jury had take to be fair and
openminded. The Court then gave the jury an explanation of the charges
in the indictment. Notedly, that the indictment is just an accusation.
The Court further stated to the jury, without subseqent correction,
that Mr. Wise had already "pled guilty" to the charges and are "presumed"
to be innocent unles and until proven guilty beyond a reasonable doubt.
That jury charge was incorrect and wrong. It violated Mr. Wise's Sixth
and Fifth Amendment rights to a fair trial and due process.

**(b)  Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☑

(2) If you did not raise this issue in your direct appeal, explain why: Mr. Wise is raising this
claim on a 6th amendment basis--the right to effective assistance.
Thus, it would have been impossible to raise a 6th amendment claim
on herself. Same on direct appeal represented Mr. Wise in trial.

**(c)  Post-Conviction Proceedings:**

(1). Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:  N/A

Name and location of the court where the motion or petition was filed:  N/A

Docket or case number (if you know):  N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☐  N/A

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☐  N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☐  N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  N/A

Docket or case number (if you know):  N/A

Date of the court's decision:  N/A

Result (attach a copy of the court's opinion or order, if available): __N/A_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ___N/A_____

_____

_____

_____

_____

_____

**GROUND FOUR:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏  No ❏

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏  No ❏

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:_____

Name and location of the court where the motion or petition was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑  No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑  No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑  No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them: None of these

issues have been previously raised. Due to a lack of foresight

counsel, these have only been discovered by Mr. Wise.

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the

judgment you are challenging? Yes ❑  No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

issues raised. _____ N/A _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _N/A_____

_____

(b) At arraignment and plea: _N/A_____

_____

(c) At trial: _Susan G. James, 600 South McDonough Street, Montgomery,_
_Alabama 36104_____

(d) At sentencing: _Same above._____

_____

(e) On appeal: _Same above._____

_____

(f) In any post-conviction proceeding: _N/A_____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _N/A_____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____
_N/A_____

(b) Give the date the other sentence was imposed: _N/A_____

(c) Give the length of the other sentence: _N/A_____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?        Yes ☐ No ☐ N/A

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Mr. Wise's motion is timely because direct appeal became final on or about late September to early October (the Third) of 2006. from October 3rd, 2006, he has ninty (90) days certioraries to the United States Supreme. That 90 days expired on December 3rd, 2006. He has one-year to file this motion expires on January 3rd, 2008. This motion was placed in the mailed room at the institut- at USP Canaan on January 2nd, 2008, one day less the expiration date--January 3rd, 2008.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
   A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
      (1) the date on which the judgment of conviction became final;
      (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: <u>Re-sentence him in light of</u>
<u>of retroactive amendment. Afforded him a new trial based the</u>
<u>erroneous jury instruction the Court gave to the jury about his guilt.</u>

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this
Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on _1 - 2 - 08_____
_____ (month, date, year).

Executed (signed) on _1 - 2 - 08_____ (date).

_David D Wise_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this
motion. _____
_____
_____



David DeJuan Wise, #11376-002
USP Canaan F-J
Post Office Box 300
Waymart, Pennsylvania 18472

7007 0710 0002 2241 3314

CERTIFIED MAIL

To: Clerk's Office

United States District Court
Middle District of Alabama
Northern Division
Post Office Box 711
Montgomery, Alabama 36101-0711

LEGAL MAIL:

27BD, AG, CLOSED, MHT-ClerkC, SC

# U.S. District Court
## Alabama Middle District (Montgomery)
## CRIMINAL DOCKET FOR CASE #: 2:04-cr-00009-MHT-WC-1
### Internal Use Only

2:08-CV-17-MHT

Case title: USA v. Wise, et al

Date Filed: 01/21/2004
Date Terminated: 07/26/2005

---

Assigned to: Honorable Myron H. Thompson
Referred to: Honorable Wallace Capel, Jr

Appeals court case number: '05-14710-E' 'USCA'

### Defendant

**David DeJuan Wise** (1)
*TERMINATED: 07/26/2005*
*also known as*
Julio, aka
*TERMINATED: 07/26/2005*

represented by **Dan William Taliaferro**
Snowden & Taliaferro, LLC
6987 Halcyon Park Drive
Montgomery, AL 36117
334-409-0545
Fax: 334-409-7001
Email: danwtaliaferro@msn.com
*TERMINATED: 04/21/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Denise A. Simmons**
Susan James & Associates
600 South McDonough Street
Montgomery, AL 36104
334-269-3330
Fax: 334-263-4888
Email: Dsimlaw@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Susan Graham James**
Susan G. James & Associates
PO. Box 198

Montgomery, AL 36101-0198
334-269-3330
Fax: 334-263-4888
Email: sgjamesandassoc@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| **Pending Counts** | **Disposition** |
|---|---|
| 21:846 CONSP: DISTB/POSS TO DISTB COCAINE HYDROCHLORIDE -- NMT $2,000,000 [*]; NLT 5Y, NMT 40Y; B; NLT 4Y SUP REL; G-LNS; VWPA; $100 SA; FORFEITURE (1s) | 240 Mos Imp (conc w/Ct 2s and 3s); 8 Yrs Sup Rel (conc w/Cts 2s and 3s); $100 SA |
| 21:841(a)(1)/18:2 POSS TO DISTB: COCAINE HYDROCHLORIDE; AIDING & ABETTING -- NMT $2,000,000 [*]; NLT 5Y, NMT 40Y; B; NLT 4Y SUP REL; G-LNS; VWPA; $100; FORFEITURE (2s) | 240 Mos Imp (conc w/Ct 1s and 3s); 8 Yrs Sup Rel (conc w/Cts 1s and 3s); $100 SA |
| 21:844(a) POSS: COCAINE BASE -- NLT $1,000, NMT $250,000 [*]; NLT 5Y, NMT 20Y; B; NMT 3Y SUP REL; G-LNS; VWPA; $100 SA (3s) | 60 Mos Imp (conc w/Cts 1s and 2s); 3 Yrs Sup Rel (conc w/Cts 1s and 2s); $100 SA |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 21:846 CONSP:TO DISTRB/POSSESS COCAINE HYDROCHLORIDE - NMT $2,000,000;[*]; NLT 5Y; NMT 40Y;B;NLT 4Y SUP REL; G/L; VWPA; $100 SA (1) | Dismissed on Government's Motion |
| 21:841(a)(1) & 18:2 - POSSESS/DISTRB COCAINE HYDROCHLORIDE & AID & ABET - NMT $2,000,000;[*]; NLT 5Y; NMT 40Y; B;NLT 4Y SUP REL; G/L;VWPA; $100 SA | Dismissed on Government's Motion |

(2)
21:844A(a) & 18:2 - CTRLD SUBST -
POSSESSION - NLT 1M; NMT
$250M; [*]; NLT 5Y; NMT 20Y; B;                    Dismissed on Government's Motion
NMT 3Y SUP REL; G/L;VWPA; $100
SA
(3)

21:846 CONSP: DISTB COCAINE
BASE -- NMT $2,000,000 [*]; NLT
5Y, NMT 40Y; B; NLT 4Y SUP REL;                   Acquitted by Jury
G-LNS; VWPA; $100 SA
(4s)

21:841(a)(1)/18:2 DISTB: COCAINE
BASE; AIDING & ABETTING -- NMT
$2,000,000 [*]; NLT 5Y, NMT 40Y; B;              Acquitted by Jury
NLT 4Y SUP REL; G-LNS; VWPA;
$100 SA
(5s)


**Highest Offense Level (Terminated)**

Felony


**Complaints**                                    **Disposition**

None


---


**Plaintiff**

**United States of America**         represented by   **John T. Harmon**
                                                       U.S. Attorneys Office
                                                       PO Box 197
                                                       Montgomery, AL 36101-0197
                                                       334-223-7280
                                                       Fax: 334-223-7560
                                                       Email: john.harmon@usdoj.gov
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Matthew S. Miner**
                                                       U.S. Attorney's Office
                                                       PO Box 197
                                                       Montgomery, AL 36101-0197
                                                       334-223-7280
                                                       Fax: 223-7560
                                                       Email: matthew.miner@usdoj.gov

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James B. Perrine**
U.S. Attorney's Office
PO Box 197
Montgomery, AL 36101-0197
334-223-7280
Fax: 223-7560
Email: jb.perrine@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Leura Garrett Canary**
U.S. Attorney's Office
PO Box 197
Montgomery, AL 36101-0197
334-223-7280
Fax: 223-7560
Email: leura.canary@usdoj.gov

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 01/21/2004 | 1 | INDICTMENT as to David DeJuan Wise (1) count(s) 1, 2, 3, Tony Lamar Hooks (2) count(s) 1, 2, Joanna Nicole Hooks (3) count(s) 1, 3 (ws) (Entered: 01/23/2004) |
| 01/21/2004 |   | (Court only) **Added party US Marshals Service, Montgomery U.S. Probation, U.S. Pretrial, USA Financial Unit (ws) (Entered: 01/23/2004) |
| 01/21/2004 |   | Magistrate Judge Vanzetta P. McPherson assigned to case for discovery matters as well as matters subsequently referred by District Judge . (ws) Modified on 01/23/2004 (Entered: 01/23/2004) |
| 01/21/2004 |   | (ws) (Entered: 01/23/2004) |
| 01/21/2004 |   | (Court only) ***Procedural Interval start as to David DeJuan Wise (snc) (Entered: 12/10/2004) |
| 01/23/2004 | 2 | Arrest WARRANT issued as to David DeJuan Wise (ws) Modified on 01/26/2004 (Entered: 01/26/2004) |
| 01/30/2004 |   | ARREST of David DeJuan Wise (dmk) (Entered: 02/03/2004) |
| 02/02/2004 |   | Initial appearance as to David DeJuan Wise held before Mag Judge Vanzetta P. McPherson on 2/2/04 (Defendant informed of rights.) (FTR: 3:11-3:31) (dmk) (Entered: 02/03/2004) |
| 02/02/2004 | 5 | Courtroom Deputy's Minutes as to David DeJuan Wise : Initial appearance held before Mag. Judge McPherson (FTR: 3:11-3:31) (dmk) (Entered: 02/03/2004) |

| 02/02/2004 | | (Court only) ***Procedural Interval start as to David DeJuan Wise (snc, ) (Entered: 12/10/2004) |
|---|---|---|
| 02/03/2004 | 14 | NOTICE of Appearance for David DeJuan Wise by Attorney Dan W. Taliaferro as retained counsel. (ekl) (Entered: 02/04/2004) |
| 02/04/2004 | | ARRAIGNMENT as to David DeJuan Wise held before Mag Judge Vanzetta P. McPherson on 2/4/04 Defendant(s) appeared with counsel and after having been advised of Defendant(s') rights, entered a plea of Not Guilty. (FTR: 11:02-11:03) (dmk) (Entered: 02/04/2004) |
| 02/04/2004 | | PLEA of Not Guilty: David DeJuan Wise (1) count(s) 1, 2, 3 ; Court accepts plea. (dmk) (Entered: 02/04/2004) |
| 02/04/2004 | | Notice to retained Criminal Defense Attorney (Dan Taliaferro) hand delivered in open court as to David DeJuan Wise (dmk) (Entered: 02/04/2004) |
| 02/04/2004 | 13 | Courtroom Deputy's Minutes as to David DeJuan Wise :Arraignment held before Mag. Judge McPherson (FTR: 11:02-11:03) (dmk) (Entered: 02/04/2004) |
| 02/04/2004 | 15 | Notice to Retained Counsel as to defendant David DeJuan Wise sent to Dan W. Taliaferro for defendant David DeJuan Wise (ekl) (Entered: 02/04/2004) |
| 02/05/2004 | 16 | ORDER ON ARRAIGNMENT as to David DeJuan Wise directing that the Probation Officer provide guideline calculation to counsel not less than 3 days prior to the pretrial conference; that Discovery is due on or before 2/4/04 by USA and 2/6/04 for David DeJuan Wise Pretrial Motions to Compel due by 2/24/04 for David DeJuan Wise ; Pretrial set 10:00 2/26/04 for David DeJuan Wise in Courtroom 5A before Mag Judge Vanzetta P. McPherson Jury Trial set 3/22/04 for David DeJuan Wise before Unassigned Judge and government response to motions due 5 days prior to date set for hearing and if no hearing, 10 days after date of pretrial conference. (Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: deft, Copies furnished to: WR,DK,HC, USA,USM,USPTS,USPO,COUNSEL,YG, (ekl) (Entered: 02/05/2004) |
| 02/05/2004 | | Deadline updated as to David DeJuan Wise, set voir dire questions due on 3/15/04 for David DeJuan Wise , set proposed jury instructions due on 3/15/04 for David DeJuan Wise per Order on Arraignment (ekl) (Entered: 02/05/2004) |
| 02/10/2004 | 19 | Courtroom Deputy's Minutes as to David DeJuan Wise of bond hearing.: (sql) (Entered: 02/10/2004) |
| 02/10/2004 | 21 | ORDER Setting Conditions of Release as to David DeJuan Wise Bond set to $25,000 non-surety for David DeJuan Wise. ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: deft, Copies furnished to: usa, ptso, uspo, counsel, usm (sql) (Entered: 02/10/2004) |

| 02/10/2004 | | (Court only) **Added party David DeJuan Wise - 5700 Bell Road, Lot #19, Montgomery, AL 36116 (sql) (Entered: 02/10/2004) |
|---|---|---|
| 02/10/2004 | 22 | BOND entered by David DeJuan Wise Bond set to $25,000 non-surety for David DeJuan Wise. (sql) (Entered: 02/10/2004) |
| 02/13/2004 | 27 | Arrest WARRANT Returned Executed as to David DeJuan Wise on 1/30/04 (ekl) (Entered: 02/13/2004) |
| 02/24/2004 | 28 | NOTICE of Information to Establish Prior Convictions by USA as to David DeJuan Wise; referred to Mag. Judge McPherson (dmk) (Entered: 02/24/2004) |
| 02/24/2004 | 29 | MOTION by David DeJuan Wise to continue trial [29-1] referred to Mag Judge Vanzetta P. McPherson (ekl) (Entered: 02/24/2004) |
| 02/24/2004 | 30 | MOTION by David DeJuan Wise to Sever [30-1] referred to Mag Judge Vanzetta P. McPherson (ekl) (Entered: 02/24/2004) |
| 02/26/2004 | 31 | Courtroom Deputy's Minutes as to David DeJuan Wise : Pretrial conference held before Mag. Judge McPherson (FTR: 10:47-11:02) (dmk) (Entered: 02/26/2004) |
| 02/26/2004 | 36 | WAIVER of Speedy Trial by David DeJuan Wise (ekl) (Entered: 02/27/2004) |
| 02/27/2004 | | (ekl) (Entered: 02/27/2004) |
| 02/27/2004 | | CASE assigned to Judge Myron H. Thompson (ekl) (Entered: 02/27/2004) |
| 03/09/2004 | | ** Renoticed document [43-1] report and recommendations Objections due by 3/22/04 [43-1] report and recommendations, [0-0] report and recommendations (kcg) (Entered: 03/09/2004) |
| 03/22/2004 | 49 | MOTION by David DeJuan Wise for Dan Taliaferro to Withdraw as Attorney [49-1] referred to Mag Judge Vanzetta P. McPherson (snc) (Entered: 03/22/2004) |
| 03/23/2004 | 50 | REPORT AND RECOMMENDATIONS of Mag Judge Vanzetta P. McPherson as to David DeJuan Wise Re: [30-1] motion to Sever ; Motion no longer referred Objections to R and R due by 4/5/04 Copies mailed to: dft, Copies furnished to: counsel, usa, (snc) (Entered: 03/23/2004) |
| 03/23/2004 | 51 | ORDER as to David DeJuan Wise setting Motion hearing for 11:00 3/30/04 for David DeJuan Wise before Mag Judge Vanzetta P. McPherson in Courtroom 5A re: [49-1] motion for Dan Taliaferro to Withdraw as Attorney , directing the defendant to be present,and directing the clerk to forward a copy of this order to the defendant ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: dft, Copies furnished to: counsel, usm, uspo, uspts,yg, hc, dk, sl, kg, el (snc) (Entered: 03/23/2004) |
| 03/30/2004 | | Motion hearing held before Mag Judge Vanzetta P. McPherson as to David DeJuan Wise re: [49-1] motion for Dan Taliaferro to Withdraw as Attorney (ws) (Entered: 03/30/2004) |

| 03/30/2004 | | ORAL ORDER as to David DeJuan Wise SEALING portion of the proceeding held 3/30/04 Re: Defendant's Motion for Attorney Taliferro to withdraw as counsel ( Entered by Mag Judge Vanzetta P. McPherson ) (ws) (Entered: 03/30/2004) |
| 03/30/2004 | 52 | Courtroom Deputy's Minutes as to David DeJuan Wise : Motion Hearing ond Defendant's Motion to withdraw Counsel (11:13 to 11:30 - McPherson) (ws) (Entered: 03/30/2004) |
| 03/30/2004 | 53 | ORDER as to David DeJuan Wise Sealing the record of the 3/30/04 hearing on Atty Taliferro's motion to withdraw from representation of Wise , directing the Wise to Notify Wanda Stinson, Clerk's office, by telephone on 4/1/94 that he has retained cousnel Bowen to represnet him , directing Atty Bowen, upon being retained, to file a notice of appearance before 5:00 p.m., on 4/1/04 , and directing the Clerk to forward a copy of this order to Atty Bowen by facsimile and U S Mail ( Signed by Mag Judge Vanzetta P. McPherson ) Copies mailed to: dft, Copies furnished to: counsel, Atty Bowen, usa, ws (snc) (Entered: 03/31/2004) |
| 03/31/2004 | | Deadline updated as to David DeJuan Wise, set Pretrial Conference for for 10:00 4/2/04 for David DeJuan Wise at Courtroom 5A before Mag Judge Vanzetta P. McPherson in Courtroom 5A (sql) (Entered: 03/31/2004) |
| 04/02/2004 | 54 | NOTICE (by Atty Eric Bowen that he has NOT been retained to represent defendant David DeJuan Wise) in RESPONSE to Order of March 30, 2004 Referred to Mag Judge Vanzetta McPherson (snc) (Entered: 04/02/2004) |
| 04/15/2004 | 55 | MOTION to Continue trial by David DeJuan Wise. (snc) (Entered: 04/15/2004) |
| 04/16/2004 | 57 | ORDER denying [49] Motion to Withdraw as Attorney as to David DeJuan Wise (1). Signed by Judge Vanzetta P. McPherson on 4/16/2004. (snc) (Entered: 04/16/2004) |
| 04/19/2004 | 58 | Proposed Jury Instructions by United States of America as to David DeJuan Wise (Harmon, John) (Entered: 04/19/2004) |
| 04/19/2004 | 59 | Proposed Voir Dire by United States of America as to David DeJuan Wise (Harmon, John) (Entered: 04/19/2004) |
| 04/19/2004 | 62 | ORDER as to David DeJuan Wise re 55 MOTION to Continue trial filed by David DeJuan Wise setting Motion Hearing for 4/21/2004 10:00 AM in Courtroom 2E before Honorable Myron H. Thompson. Signed by Judge Myron H. Thompson on 4/19/2004. (snc) (Entered: 04/19/2004) |
| 04/19/2004 | 63 | Proposed Jury Instructions by United States of America as to David DeJuan Wise, Joanna Nicole Hooks (Miner, Matthew) (Entered: 04/19/2004) |
| 04/20/2004 | 64 | Proposed Voir Dire by United States of America as to David DeJuan Wise, Joanna Nicole Hooks (Miner, Matthew) (Entered: 04/20/2004) |

| 04/20/2004 | 🔘65 | NOTICE OF ATTORNEY APPEARANCE: Susan Graham James appearing for David DeJuan Wise (snc) (Entered: 04/20/2004) |
|---|---|---|
| 04/20/2004 | 🔘66 | NOTICE to Retained Criminal Defense Attorneys to Attorney Susan James as to David DeJuan Wise (snc) (Entered: 04/20/2004) |
| 04/21/2004 | 🔘 | ORAL RENEWED MOTION (during motion hearing) to Withdraw as Attorney by Dan Taliferro as to David DeJuan Wise. (snc) (Entered: 04/21/2004) |
| 04/21/2004 | 🔘 | ORAL ORDER granting [0] Oral Renewed Motion to Withdraw as Attorney; Dan W. Taliaferro withdrawn from case as to David DeJuan Wise (1). Entered by Judge Myron H. Thompson on 4/21/2004. (snc) (Entered: 04/21/2004) |
| 04/21/2004 | 🔘 | ORAL WAIVER of Speedy Trial by David DeJuan Wise (during motion hearing) (snc) (Entered: 04/21/2004) |
| 04/21/2004 | 🔘67 | Minute Entry for proceedings held before Judge Myron H. Thompson:Motion Hearing as to David DeJuan Wise held on 4/21/2004 re 55 MOTION to Continue trial filed by David DeJuan Wise and Atty James' conditional notice of appearance as counsel (Court Reporter Mitchell Reisner.) (snc) (Entered: 04/21/2004) |
| 04/21/2004 | 🔘69 | ORDER TO CONTINUE - Ends of Justice as to David DeJuan Wise and Joana Nicole Hooks: granting 55 Motion to continue trial; excluding Time from 4/21/2004 until 8/9/2004; continuing Jury Selection and Jury Trial to 8/9/2004 10:00 AM in Courtroom 2E before Honorable Myron H. Thompson. Signed by Judge Myron H. Thompson on 4/21/2004. (snc) (Entered: 04/21/2004) |
| 04/21/2004 | | (Court only) ***Motions terminated (as moot) per Judge Myron Thompson as to David DeJuan Wise, Tonney Lamar Hooks, Joanna Nicole Hooks: [29] Motion to Continue. (snc) (Entered: 04/21/2004) |
| 04/22/2004 | 🔘70 | ORDER (following oral order) granting Atty Dan W. Taliaferro 4/21/04 oral request to withdraw as counsel for defendant David DeJuan Wise. Hon. Susan Graham James will now represent defendant Wise . Signed by Judge Myron H. Thompson on 4/22/2004. (snc) (Entered: 04/22/2004) |
| 04/26/2004 | 🔘71 | ORDER (1)ADOPTING 50 REPORT AND RECOMMENDATIONS as to David DeJuan Wise re [30] Motion to Sever; (2) denying as moot defendant's [30] Motion to Sever Defendant . Signed by Judge Myron H. Thompson on 4/26/2004. (snc) (Entered: 04/26/2004) |
| 04/26/2004 | | (Court only) ***Motions terminated as to David DeJuan Wise, Tonney Lamar Hooks, Joanna Nicole Hooks: 50 Report and Recommendations, [30] Motion to Sever Defendant (pursuant to 4/26/04 order). (snc) (Entered: 08/23/2004) |
| 05/05/2004 | 🔘72 | SUPERSEDING INDICTMENT as to David DeJuan Wise (1) count(s) 1s, 2s, 3s, 4s, 5s, Joanna Nicole Hooks (3) count(s) 1s, 3s, (ORIGINAL |

| | | |
|---|---|---|
| | | INDICTMENT as to) Robert James Zeigler Jr. (4) count(s) 4, 5, Leslie Octavius Reese (5) count(s) 4, 5. (snc) Modified on 3/10/2005 (snc): INDICTMENT AMENDED ON 3/10/05 TO CORRECT SPELLING OF DEFENDANT REESE'S NAME TO LESLEY OCTAVIOUS REESE. Modified on 3/10/2005 (snc) per DN 227: FORFEITURE ALLEGATION STRICKEN AS TO DFT WISE (Entered: 05/07/2004) |
| 05/05/2004 | | (Court only) ***Procedural Interval start as to David DeJuan Wise (snc) (Entered: 12/14/2004) |
| 05/07/2004 | 🔘 | Set/Reset Hearings as to David DeJuan Wise, Joanna Nicole Hooks : ARRAIGNMENT (on Superseding Indictment) set for 5/19/2004 10:00 AM in Courtroom 4B before Honorable Charles S. Coody. (snc) (Entered: 05/07/2004) |
| 05/07/2004 | 🔘73 | Summons Issued as to David DeJuan Wise for appearance at 5/19/2004 10:00 a.m. arraignment before Judge Charles Coody (snc) (Entered: 05/07/2004) |
| 05/11/2004 | 🔘79 | MOTION to Dismiss *Indictment* by United States of America as to David DeJuan Wise, Joanna Nicole Hooks. (Attachments: # 1 Order to Dismiss Indictment as to David Dejuan Wise and Joanna Nicole Hooks)(Miner, Matthew) (Entered: 05/11/2004) |
| 05/12/2004 | 🔘80 | ORDER granting 79 Motion to Dismiss (original indictment) as to David DeJuan Wise (1), Joanna Nicole Hooks (3). Signed by Judge Myron H. Thompson on 5/12/2004. (snc) (Entered: 05/12/2004) |
| 05/12/2004 | 🔘 | DISMISSAL OF COUNTS on Government Motion as to David DeJuan Wise. (cm/ecf conversion) (snc) (Entered: 12/10/2004) |
| 05/12/2004 | | (Court only) ***Update Disposition Information: David DeJuan Wise (1), Count(s) 1, 2, 3, Dismissed on Government's Motion (snc, ) (Entered: 12/10/2004) |
| 05/17/2004 | 🔘81 | Summons Returned Executed on 5/14/04 as to David DeJuan Wise (snc) (Entered: 05/17/2004) |
| 05/19/2004 | 🔘83 | Minute Entry for proceedings held before Judge Charles S. Coody :Arraignment as to David DeJuan Wise (1) Counts 1s,2s,3s,4s,5s of superseding indictment held on 5/19/2004; Plea entered by David DeJuan Wise Not Guilty on counts 1s,2s,3s,4s,5s of superseding indictment. (Tape #FTR: 10:06 - 10:09.) (ws, ) (Entered: 05/19/2004) |
| 05/20/2004 | 🔘84 | ORDER ON ARRAIGNMENT FOR SUPERSEDING INDICTMENT as to David DeJuan Wise. Jury selection set for 8/9/2004 before Honorable Myron H. Thompson, Jury trial set for 8/9/2004 before Honorable Myron H. Thompson, Pretrial Conference set for 6/14/2004 10:00 AM in Courtroom 5A before Honorable Vanzetta P. McPherson, motions deadline set for 6/8/04, proposed Voir Dire due by 8/2/2004, Proposed Jury Instructions due by 8/2/2004, Motions in Limine due by 8/2/2004, and Plea Agreement deadline set for 8/2/2004. Signed by Judge Vanzetta |

| | | |
|---|---|---|
| | | P. McPherson on 5/20/04. (snc) (Entered: 05/20/2004) |
| 06/02/2004 | 🔵86 | MOTION to Strike *Portion of Forfeiture Allegation* by United States of America as to David DeJuan Wise. (Harmon, John) (Entered: 06/02/2004) |
| 06/03/2004 | 🔵87 | ORDER granting government's 86 Motion to Strike as to David DeJuan Wise(1) and striking the 2000 Dodge Neon, license number 3A1461C, VIN 1B3ES46C5YD548607, from the forfeiture allegation of the superseding indictment returned on 5/5/04. Signed by Judge Myron H. Thompson on 6/3/04. (snc, ) (Entered: 06/03/2004) |
| 06/14/2004 | 🔵88 | NOTICE OF ATTORNEY APPEARANCE: Denise Arden Simmons appearing for David DeJuan Wise as retained counsel (snc) (Entered: 06/14/2004) |
| 06/14/2004 | 🔵89 | NOTICE TO RETAINED CRIMINAL DEFENSE ATTORNEY Denise Simmons as to David DeJuan Wise (snc) (Entered: 06/14/2004) |
| 06/14/2004 | 🔵90 | Minute Entry for proceedings held before Judge Vanzetta P. McPherson :Pretrial Conference as to David DeJuan Wise, Joanna Nicole Hooks held on 6/14/2004 (FTR #10:22 to 10:29.) (dmk, ) (Entered: 06/14/2004) |
| 07/20/2004 | 🔵93 | ***NOTICE OF CONFLICT** (Docket entry CORRECTED per Judge Myron Thompson; document filed as MOTION for Hearing by David DeJuan Wise (James, Susan)) Modified on 7/20/2004 to reflect correction; motion terminated per Judge Thompson (snc). (Entered: 07/20/2004) |
| 07/20/2004 | 🔵94 | NOTICE of Correction re 93 MOTION for Hearing (snc) (Entered: 07/20/2004) |
| 07/20/2004 | | (Court only) ***Motions terminated as to David DeJuan Wise: 93 MOTION for Hearing filed by David DeJuan Wise (incorrect event code). (snc) (Entered: 07/20/2004) |
| 07/26/2004 | 🔵95 | TRIAL NOTICE for 8/9/04 Criminal Term as to David DeJuan Wise (Attachments: # 1 Juror Profile Notice)(snc) (Entered: 07/26/2004) |
| 07/26/2004 | 🔵97 | MOTION to Continue trial by David DeJuan Wise. (James, Susan) (Entered: 07/26/2004) |
| 07/26/2004 | 🔵98 | NOTICE *Blakely Response To Court Order* by David DeJuan Wise (James, Susan) (Entered: 07/26/2004) |
| 07/27/2004 | 🔵99 | WAIVER of Speedy Trial by David DeJuan Wise (snc) (Entered: 07/27/2004) |
| 07/28/2004 | 🔵100 | ORDER TO CONTINUE - Ends of Justice as to David DeJuan Wise (1) granting 97 MOTION to Continue trial filed by David DeJuan Wise; (2) resetting Jury Selection (now set for 8/9/04) for 9/13/04 10:00 AM in Courtroom 2A before Hon. Chief Judge Mark E. Fuller and resetting Jury Trial (now set for 8/9/04) for 9/13/2004 following jury selection in Courtroom 2E before Honorable Myron H. Thompson. Signed by Judge Myron H. Thompson on 7/28/04. (snc) (Entered: 07/28/2004) |

| 09/01/2004 | | (Court only) ***Set MHT-Clerk C Flag as to David DeJuan Wise, Tonney Lamar Hooks, Joanna Nicole Hooks, Robert James Zeigler Jr., Leslie Octavius Reese (snc) (Entered: 09/01/2004) |
|---|---|---|
| 09/03/2004 | ⬥119 | MOTION to Withdraw as Attorney *Motion to Wthdraw as Counsel* by Susan G. James. by David DeJuan Wise. (James, Susan) (Entered: 09/03/2004) |
| 09/03/2004 | ⬥120 | ORDER as to David DeJuan Wise re 119 MOTION to Withdraw as Attorney *Motion to Wthdraw as Counsel* by Susan G. James. filed by David DeJuan Wise Motion Hearing set for 9/8/2004 08:00 AM in Courtroom 2E before Honorable Myron H. Thompson.Defendant, his attorney, and the U.S. Attorney are DIRECTED to be present. Signed by Judge Myron H. Thompson on 9/3/04. (ekl, ) (Entered: 09/03/2004) |
| 09/07/2004 | ⬥121 | CORRECTED ORDER as to David DeJuan Wise re 119 MOTION to Withdraw as Attorney *Motion to Wthdraw as Counsel* by Susan G. James. filed by David DeJuan Wise Motion Hearing set for 9/8/2004 at 09:00 AM (instead of 8:00 am) in Courtroom 2E before Honorable Myron H. Thompson.. Signed by Judge Myron H. Thompson on 9/7/04. (ekl, ) Modified on 9/7/2004 to correct clerical error--changing file date from 9/3/04 to 9/7/04 (ekl, ). (Entered: 09/03/2004) |
| 09/07/2004 | ⬥122 | Proposed Jury Instructions by United States of America as to David DeJuan Wise (Miner, Matthew) (Entered: 09/07/2004) |
| 09/07/2004 | ⬥123 | Proposed Voir Dire by United States of America as to David DeJuan Wise (Miner, Matthew) (Entered: 09/07/2004) |
| 09/08/2004 | ⬥124 | Minute Entry of MOTION HEARING held before Judge Myron H. Thompson as to David DeJuan Wise on 9/8/2004 re 119 MOTION to Withdraw as Attorney by Susan G. James (Court Reporter Mitchell Reisner.) (snc) (Entered: 09/08/2004) |
| 09/08/2004 | ⬥ | ORAL ORDER as to David DeJuan Wise DENYING 119 MOTION to Withdraw as Attorney by Susan G. James . Entered by Judge Myron H. Thompson on 9/8/04. (snc) (Entered: 09/08/2004) |
| 09/08/2004 | ⬥ | ORAL MOTION to Continue trial by David DeJuan Wise. (snc) (Entered: 09/08/2004) |
| 09/08/2004 | ⬥ | ORAL WAIVER of Speedy Trial by David DeJuan Wise (snc) (Entered: 09/08/2004) |
| 09/09/2004 | ⬥125 | ORDER (following oral order) as to David DeJuan Wise denying 119 MOTION to Withdraw as Attorney by Susan G. James . Signed by Judge Myron H. Thompson on 9/9/04. (snc) (Entered: 09/09/2004) |
| 09/09/2004 | ⬥126 | ORDER TO CONTINUE - Ends of Justice as to David DeJuan Wise granting defendant's 9/8/04 oral MOTION to Continue trial, resetting Jury Selection and trial for 12/6/2004 10:00 AM in Courtroom 2E before Honorable Myron H. Thompson. Signed by Judge Myron H. Thompson |

| | | on 9/9/04. (snc) (Entered: 09/09/2004) |
|---|---|---|
| 09/09/2004 | 127 | MOTION for Psychiatric Exam *Psychiatric Examination* by David DeJuan Wise. (James, Susan) (Entered: 09/09/2004) |
| 09/13/2004 | 128 | RESPONSE to Motion by United States of America as to David DeJuan Wise re 127 MOTION for Psychiatric Exam *Psychiatric Examination* (Miner, Matthew) (Entered: 09/13/2004) |
| 09/21/2004 | 129 | ORDER granting 127 Motion for Psychiatric Exam as to David DeJuan Wise (1); directing the USM to remove the defendant, on or before 10/1/04, to the custody of the warden of a medical facility for an examination; directing the psychologist or psychiatrist conducting the examination to file a report within 45 days; directing that the defendant shall be incarcerated and remain at the institution designated until further order of the court; and directing the clerk to furnish the USM three certified copies of this order. Signed by Judge Vanzetta P. McPherson on 9/21/2004. (snc, ) Modified on 9/22/2004; ORDER VACATED PER DN 130 (snc ). (Entered: 09/21/2004) |
| 09/22/2004 | 130 | ORDER as to David DeJuan Wise VACATING 129 Order on Motion for Psychiatric Exam entered on 9/21/04 . Signed by Judge Vanzetta P. McPherson on 9/22/04. (snc) (Entered: 09/22/2004) |
| 09/22/2004 | 131 | ORDER as to David DeJuan Wise GRANTING 127 MOTION for Psychiatric Exam filed by David DeJuan Wise, (a) directing the defendant to report to USM on 10/7/04 at 9:00 a.m., (b) directing the USM to assume custody and remove defendant to the warden of the federal medical facility for examination, (c) directing the psychologist/psychiatrist to file a written report within 45 days, and (d) directing that the defendant shall be incarcerated and remain at the institution designated until a report is filed. The clerk is directed to furnish the USM three certified copies of this order and to notify the USM promptly of its receipt of the written order from the institution . Signed by Judge Vanzetta P. McPherson on 9/22/04. (snc) (Entered: 09/22/2004) |
| 09/29/2004 | 132 | (Court only) LIMITS OF PUNISHMENT re 5/5/04 Superseding Indictment as to David DeJuan Wise, Joanna Nicole Hooks, Robert James Zeigler Jr., Leslie Octavius Reese (snc) (Entered: 09/29/2004) |
| 10/14/2004 | 158 | ORDER as to David DeJuan Wise setting Pretrial Conference for 11/12/2004 09:00 AM in Courtroom 5A before Honorable Vanzetta P. McPherson. Signed by Judge Vanzetta P. McPherson on 10/14/2004. (snc) (Entered: 10/14/2004) |
| 11/10/2004 | 164 | ORDER as to David DeJuan Wise, Robert James Zeigler Jr., Leslie Octavius Reese resetting the 11/12/04 Pretrial Conference, now set for 9:00 a.m., for 03:00 PM in Courtroom 5A before Honorable Vanzetta P. McPherson. Signed by Judge Vanzetta P. McPherson on 11/10/04. (snc) (Entered: 11/10/2004) |

| 11/12/2004 | ❹165 | MOTION to Continue trial by United States of America as to David DeJuan Wise, Robert James Zeigler Jr., Leslie Octavius Reese. (Miner, Matthew) (Entered: 11/12/2004) |
| 11/12/2004 | ❹166 | Minute Entry for proceedings held before Judge Vanzetta P. McPherson :Pretrial Conference as to David DeJuan Wise, Robert James Zeigler Jr., Leslie Octavius Reese held on 11/12/2004 (Recording Time 3:11 - 3:21.) (jct, ) (Entered: 11/12/2004) |
| 11/15/2004 | ❹167 | ORDER as to David DeJuan Wise, Robert James Zeigler Jr., Leslie Octavius Reese directing the defendants to show cause by 11/19/04 as to why 165 MOTION to Continue trial filed by United States of America should not be granted. Signed by Judge Myron H. Thompson on 11/15/04. (snc) (Entered: 11/15/2004) |
| 11/16/2004 | ❹168 | ORDER, upon written request from the Federal Medical Center, as to David DeJuan Wise resetting psychological evaluation report due by 1/24/2005, and directing hte Clerk to forward a copy of this order to Warden, Federal Medical Center, Fort Worth, TX. Signed by Judge Vanzetta P. McPherson on 11/16/04. (Copy to Medical Center, Fort Worth, TX) (snc) (Entered: 11/16/2004) |
| 11/16/2004 | ❹169 | ORDER as to David DeJuan Wise, Robert James Zeigler Jr., Leslie Octavius Reese setting second Pretrial Conference for 12/20/2004 09:00 AM in Courtroom 5A before Honorable Vanzetta P. McPherson. Signed by Judge Vanzetta P. McPherson on 11/16/04. (snc) (Entered: 11/16/2004) |
| 11/24/2004 | ❹173 | ORDER TO CONTINUE - Ends of Justice as to David DeJuan Wise, Robert James Zeigler Jr., Leslie Octavius Reese (1) granting 165 MOTION to Continue trial filed by United States of America; (2) resetting Jury Selection and Trial, now set for 12/6/04, for 3/7/2005 10:00 AM in Courtroom 2E before Honorable Myron H. Thompson. Signed by Judge Myron H. Thompson on 11/24/04. (snc) (Entered: 11/24/2004) |
| 12/20/2004 | ❹174 | MOTION for Release from Custody by David DeJuan Wise. (James, Susan) (Entered: 12/20/2004) |
| 12/20/2004 | ❹175 | Minute Entry for proceedings held before Judge Vanzetta P. McPherson :Pretrial Conference as to David DeJuan Wise, Robert James Zeigler, Jr, Leslie Octavius Reese held on 12/20/2004 (Recording Time FTR: 10:24 - 10:31.) (ws, ) (Entered: 12/21/2004) |
| 12/23/2004 | ❹176 | ORDER as to David DeJuan Wise, Robert James Zeigler, Jr, Leslie Octavius Reese setting Pretrial Conference for 1/10/2005 09:00 AM in Courtroom 5A before Honorable Vanzetta P. McPherson. Signed by Judge Vanzetta P. McPherson on 12/23/04. (snc) (Entered: 12/23/2004) |
| 01/10/2005 | ❹182 | Minute Entry for proceedings held before Judge Vanzetta P. McPherson :Pretrial Conference as to David DeJuan Wise, Robert James Zeigler, Jr, Leslie Octavius Reese held on 1/10/2005 (Recording Time 9:30 - 9:33.) |

| | | (jct, ) (Entered: 01/10/2005) |
|---|---|---|
| 01/12/2005 | ●184 | ORDER as to David DeJuan Wise, Robert James Zeigler, Jr, Leslie Octavius Reese setting Pretrial Conference for 2/14/2005 09:00 AM in Courtroom 5A before Honorable Vanzetta P. McPherson. Signed by Judge Vanzetta P. McPherson on 1/12/05. (snc) (Entered: 01/12/2005) |
| 01/26/2005 | ●188 | Psychiatric Report Received (Sealed) as to David DeJuan Wise (Copies furnished counsel and PO) (snc) (Entered: 01/26/2005) |
| 02/14/2005 | ●193 | Minute Entry for proceedings held before Judge Vanzetta P. McPherson :Pretrial Conference as to David DeJuan Wise, Robert James Zeigler, Jr, Leslie Octavius Reese held on 2/14/2005 (Recording Time 9:04 - 9:16.) (jct, ) (Entered: 02/14/2005) |
| 02/16/2005 | ●194 | PRETRIAL CONFERENCE ORDER as to David DeJuan Wise Jury Selection and Jury Trial (ETT 3-4 days) set for 3/7/2005 10:00 AM in Courtroom 2E before Honorable Myron H. Thompson. Voir Dire due by 2/28/2005; Proposed Jury Instructions due by 2/28/2005; Motions in Limine due by 2/28/2005; Plea Agreement deadline set for 2/28/2005.. Signed by Judge Vanzetta P. McPherson on 2/16/05. (snc) (Entered: 02/16/2005) |
| 02/16/2005 | ●195 | ORDER denying as moot 174 Motion for Release from Custody as to David DeJuan Wise (1). Signed by Judge Vanzetta P. McPherson on 2/16/05. (snc) (Entered: 02/16/2005) |
| 02/22/2005 | ●198 | ORDER as to David DeJuan Wise (1) directing that no hearing is necessary on the issue of defendant's competency to stand tral and his mental state at the time of the offense, (2) finding that the defendant does not suffer from a mental disease or defect which would render him unable to understand the nature and consequences of the proceedings aginst him or to assist properly in his own defense, and (3) DECLARING the defendant mentally competent to stand trial. The trial is set for March 7, 2005 . Signed by Judge Myron H. Thompson on 2/22/05. (snc) (Entered: 02/22/2005) |
| 02/28/2005 | ●202 | Proposed Jury Instructions by David DeJuan Wise (James, Susan) (Entered: 02/28/2005) |
| 02/28/2005 | ●203 | Proposed Voir Dire by David DeJuan Wise (James, Susan) (Entered: 02/28/2005) |
| 02/28/2005 | ●204 | Proposed Jury Instructions by United States of America as to David DeJuan Wise, Robert James Zeigler, Jr, Leslie Octavius Reese (Miner, Matthew) (Entered: 02/28/2005) |
| 03/01/2005 | ●208 | MOTION to Strike *Forfeiture Allegation* by United States of America as to David DeJuan Wise. (Harmon, John) (Entered: 03/01/2005) |
| 03/01/2005 | ●210 | Minute Entry for proceedings held before Judge Myron H. Thompson :Telephone Conference as to David DeJuan Wise, Robert James Zeigler, |

| | | Jr, Leslie Octavius Reese held on 3/1/2005 (Court Reporter Mitchell Reisner.) (snc) (Entered: 03/01/2005) |
|---|---|---|
| 03/03/2005 | 🔾 | Set/Reset Hearings as to David DeJuan Wise, Leslie Octavius Reese: Reset Jury Selection and Jury Trial, from 3/7/05, to 3/14/2005 10:00 AM in Courtroom 2E before Honorable Myron H. Thompson. (snc) (Entered: 03/03/2005) |
| 03/04/2005 | 🔾219 | ORDER as to David DeJuan Wise directing the defendant to show cause, if any there be, by 3/9/05 as to why government's 208 MOTION to Strike *Forfeiture Allegation* filed by United States of America should not be granted. Signed by Judge Myron H. Thompson on 3/4/05. (snc) (Entered: 03/04/2005) |
| 03/04/2005 | 🔾 | CASE REASSIGNED as to David DeJuan Wise, Leslie Octavius Reese to Judge Lyle E. Strom. Judge Myron H. Thompson no longer assigned to the case. (snc) (Entered: 03/04/2005) |
| 03/04/2005 | 🔾 | TRIAL RESET as to David DeJuan Wise, Leslie Octavius Reese: Jury Trial set for 3/14/2005 before Honorable Lyle E. Strom. (snc) (Entered: 03/04/2005) |
| 03/04/2005 | 🔾220 | MOTION for Psychiatric Exam by David DeJuan Wise. (James, Susan) (Entered: 03/04/2005) |
| 03/04/2005 | 🔾221 | NOTICE *Notice of Intent to Use An Affirmative Defense of Diminished Capacity Pursuant to Federal Rule of Criminal Procedure 12.2(b)* by David DeJuan Wise (James, Susan) (Entered: 03/04/2005) |
| 03/07/2005 | 🔾222 | MOTION to Continue trial *(Conditional Motion)* by United States of America as to David DeJuan Wise, Leslie Octavius Reese. (Miner, Matthew) (Entered: 03/07/2005) |
| 03/07/2005 | 🔾223 | MOTION to Strike *Untimely Notice of Affirmative Defense of Mental Defect* by United States of America as to David DeJuan Wise. (Miner, Matthew) (Entered: 03/07/2005) |
| 03/07/2005 | 🔾224 | MOTION to Amend/Correct *Psychiatric Exam Order* by David DeJuan Wise. (James, Susan) (Entered: 03/07/2005) |
| 03/10/2005 | 🔾227 | ORDER granting 208 Motion to Strike forfeiture allegation from superseding indictment as to David DeJuan Wise (1). Signed by Judge Myron H. Thompson on 3/10/05. (snc) (Entered: 03/10/2005) |
| 03/10/2005 | 🔾228 | JUROR PROFILE NOTICE as to trial of David DeJuan Wise and Lesley Octavious Reese on March 14, 2005, before Judge Lyle Strom (snc) (Entered: 03/10/2005) |
| 03/10/2005 | 🔾 | Set/Reset Hearings as to David DeJuan Wise, Lesley Octavious Reese: Jury Selection set for 3/14/2005 10:00 AM before Honorable Truman M. Hobbs. (snc) (Entered: 03/10/2005) |

| 03/12/2005 | 229 | NOTICE OF ATTORNEY APPEARANCE James B. Perrine appearing for USA. (Perrine, James) (Entered: 03/12/2005) |
| 03/12/2005 | 230 | Proposed Jury Instructions by United States of America as to David DeJuan Wise, Lesley Octavious Reese (Miner, Matthew) (Entered: 03/12/2005) |
| 03/14/2005 | | Minute Entry for proceedings held before Judge Truman M. Hobbs :Voir Dire begun on 3/14/2005 David DeJuan Wise (1) on Count 1s,2s,3s,4s,5s and Lesley Octavious Reese (5) on Count 4,5 (Court Reporter Sherry Mack w/Dunn-King.) (sql, ) (Entered: 03/17/2005) |
| 03/14/2005 | | Entry for proceedings held before Judge Truman M. Hobbs :Jury Selection as to David DeJuan Wise, Lesley Octavious Reese held on 3/14/2005 (Court Reporter Sherry Mack w/Dunn-King.) (sql, ) (Entered: 03/17/2005) |
| 03/14/2005 | | Minute Entry (no pdf attached; see trial minutes) for Motion Hearing commencing 3/14/05 (and concluding on 3/15/05) before Judge Lyle E. Strom as to David DeJuan Wise, Lesley Octavious Reese re 220 MOTION for Psychiatric Exam filed by David DeJuan Wise, 223 MOTION to Strike *Untimely Notice of Affirmative Defense of Mental Defect* filed by United States of America, (Court Reporter Mitchell Reisner.) (snc) (Entered: 03/21/2005) |
| 03/15/2005 | 234 | MOTION Petition for Writ of Habeas Corpus Ad Testificandum and Order by David DeJuan Wise as to David DeJuan Wise, Joanna Nicole Hooks. (James, Susan) (Entered: 03/15/2005) |
| 03/15/2005 | 235 | ORDER granting 234 Motion for a Writ of Habeas Corpus Ad Testificandum as to David DeJuan Wise (1). Signed by Judge Lyle E. Strom on 3/15/05. (kcg, ) (Entered: 03/15/2005) |
| 03/15/2005 | 236 | Writ of Habeas Corpus ad Testificandum Issued as to Joanna Hooks for March 16, 2005 at 9:00 a.m. in case as to David DeJuan Wise (kcg, ) (Entered: 03/15/2005) |
| 03/15/2005 | 239 | ORDER granting 224 Motion to Amend/Correct as to David DeJuan Wise (1). Signed by Judge Vanzetta P. McPherson on 3/15/05. (snc) (Entered: 03/15/2005) |
| 03/15/2005 | | ORAL ORDER as to David DeJuan Wise denying 223 MOTION to Strike *Untimely Notice of Affirmative Defense of Mental Defect* filed by United States of America. Signed by Judge Lyle E. Strom on 3/15/05. (snc) (Entered: 03/21/2005) |
| 03/15/2005 | | JURY TRIAL commenced before Judge Lyle Strom as to David DeJuan Wise, Lesley Octavious Reese (snc) (Entered: 03/21/2005) |
| 03/15/2005 | | (Court only) ***Documents terminated as to David DeJuan Wise, Tonney Lamar Hooks, Joanna Nicole Hooks, Robert James Zeigler, Jr, Lesley Octavius Reese: 234 MOTION. (war, ) (Entered: 04/11/2006) |

| 03/16/2005 | ● | JURY TRIAL continues before Judge Lyle Strom as to David DeJuan Wise, Lesley Octavious Reese: (snc) (Entered: 03/21/2005) |
| 03/16/2005 | ● | ORAL MOTION for Judgment of Acquittal by David DeJuan Wise. (snc) (Entered: 03/21/2005) |
| 03/16/2005 | ● | ORAL ORDER denying [ORAL ] Motions for Acquittal as to David DeJuan Wise (1), Lesley Octavious Reese (5). Entered by Judge Lyle E. Strom on 3/16/2005. (snc) (Entered: 03/21/2005) |
| 03/17/2005 | ●240 | NOTICE OF ATTORNEY APPEARANCE James B. Perrine appearing for USA. (Perrine, James) (Entered: 03/17/2005) |
| 03/17/2005 | ● | JURY TRIAL continues before Judge Lyle Strom as to David DeJuan Wise, Lesley Octavious Reese (snc) (Entered: 03/21/2005) |
| 03/17/2005 | ● | ORAL MOTION to Dismiss by David DeJuan Wise. (snc) (Entered: 03/21/2005) |
| 03/17/2005 | ● | ORAL MOTION for Release of Defendant Pending Sentencing Under 18:3145(c) by David DeJuan Wise. (snc) (Entered: 03/21/2005) |
| 03/17/2005 | ●243 | Court's Jury Charge as to David DeJuan Wise, Lesley Octavious Reese (snc) (Entered: 03/21/2005) |
| 03/18/2005 | ●244 | ORDER as to David DeJuan Wise, Lesley Octavious Reese directing the Clerk of Court to provide lunch to the jurors in this case on 3/18/05. . Signed by Judge Lyle E. Strom on 3/18/2005. (snc) (Entered: 03/21/2005) |
| 03/18/2005 | ●245 | JURY VERDICT as to David DeJuan Wise (1): GUILTY on Count 1s, 2s, 3s; NOT GUILTY on Count 4s, 5s. (Copy to PO) (snc) (Entered: 03/21/2005) |
| 03/18/2005 | ●247 | Minute Entry for 3/14/05 MOTION HEARING and JURY TRIAL commencing 3/15/05 (through 3/18/05) before Judge Lyle E. Strom as to David DeJuan Wise, Lesley Octavious Reese (Verdict accepted by Mag Judge Charles Coody). (Court Reporters: Mitchell Reisner; Risa Entrekin, Verdict only) (Attachments: # 1 Witness List, # 2 Exhibit Lists [Exhibits BOXED in Exhibit Room) (Entered: 03/21/2005) |
| 03/18/2005 | | (Court only) ***Location LC started as to David DeJuan Wise (defendant detained following jury verdict) (snc) (Entered: 03/21/2005) |
| 03/21/2005 | ●248 | MEMORANDUM AND ORDER denying [oral] Motion for Release of Defendant Pending Sentencing Under 18:3145(c) as to David DeJuan Wise (1). Signed by Judge Lyle E. Strom on 3/21/05. (snc) (Entered: 03/21/2005) |
| 03/23/2005 | ●249 | MOTION for New Trial by David DeJuan Wise. (James, Susan) (Entered: 03/23/2005) |
| 04/01/2005 | ●252 | ORDER as to David DeJuan Wise setting Sentencing for 7/11/2005 03:00 PM before Honorable Lyle E. Strom, directing counsel to communicate in writing to the PO by 6/20/05 any objections to the PSR, and directing |

| | | |
|---|---|---|
| | | parties to be available for a conference with PO on 6/23/05, as outlined in order. Signed by Judge Lyle E. Strom on 4/1/05. (snc) (Entered: 04/01/2005) |
| 05/24/2005 | 259 | MOTION for Bond by David DeJuan Wise. (James, Susan) (Entered: 05/24/2005) |
| 07/13/2005 | 268 | Minute Entry for SENTENCING HEARING held before Judge Lyle E. Strom on 7/13/2005 as to David DeJuan Wise on Count(s) 1s, 2s, 3s. Exhibit List attached. (Court Reporter Risa Entrekin.) (snc) (Entered: 07/18/2005) |
| 07/13/2005 | | ORAL ORDER as to David DeJuan Wise DENYING 259 MOTION for Appeal Bond filed by David DeJuan Wise; defendant REMANDED to the custody of the USM . Entered by Judge Lyle E. Strom on 7/13/05. (snc) (Entered: 07/18/2005) |
| 07/18/2005 | 270 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to David DeJuan Wise (snc) (Entered: 07/18/2005) |
| 07/19/2005 | 271 | ORDER denying 249 Motion for judgment of acquittal or in the alternative, for new trial as to David DeJuan Wise (1). Signed by Judge Lyle E. Strom on 7/19/05. (snc) (Entered: 07/19/2005) |
| 07/19/2005 | 272 | NOTICE OF APPEAL by David DeJuan Wise (James, Susan) Modified on 8/25/2005 to create relation to Judgment 274 (qc/djy, ). (Entered: 07/19/2005) |
| 07/20/2005 | 273 | [DOCKETING ERROR-SEE OTHER ENTRY FILED 7/20/2005] TRANSCRIPT REQUEST by David DeJuan Wise (James, Susan) Modified on 8/25/2005 (djy, ). (Entered: 07/20/2005) |
| 07/20/2005 | | MOTION requesting to proceed in forma pauperis for purposes of obtaining a free transcript by David DeJuan Wise. (NO PDF document attached-See Docket Entry 273) (djy, ) (Entered: 08/25/2005) |
| 07/26/2005 | 274 | JUDGMENT as to David DeJuan Wise (1). Count 1s: 240 Mos Imp (conc w/Cts 2s and 3s); 8 Yrs Sup Rel (conc w/Cts 2s and 3s); $100 SA. Count 2s: 240 Mos Imp (conc w/Ct 1s and 3s); 8 Yrs Sup Rel (conc w/Cts 1s and 3s); $100 SA. Count 3s: 60 Mos Imp (conc w/Cts 1s and 2s); 3 Yrs Sup Rel (conc w/Cts 1s and 2s); $100 SA. Count(s) 4s and 5s: Acquitted by Jury. Counts 1, 2, 3 (original indictment): Dismissed on Government's Motion. Signed by Judge Lyle E. Strom on 7/26/05. (snc) (Entered: 07/27/2005) |
| 07/27/2005 | | (Court only) ***Set/Clear Flags as to David DeJuan Wise, Tonney Lamar Hooks, Joanna Nicole Hooks, Robert James Zeigler, Jr, Lesley Octavius Reese (snc) (Entered: 07/27/2005) |
| 08/25/2005 | | NOTICE of Correction re 273 Transcript Request which is a docketing error and parties are instructed to refer to other docket entry filed 7/20/05 (NO PDF Document attached to this notice) (djy, ) (Entered: 08/25/2005) |

| 08/25/2005 | | Transmission of Notice of Appeal and Certified copy of Docket Sheet and Orders as to David DeJuan Wise to US Court of Appeals re 272 Notice of Appeal - Final Judgment (ydw, ) (Entered: 08/25/2005) |
|---|---|---|
| 09/02/2005 | | USCA Case Number as to David DeJuan Wise 05-14710-E for 272 Notice of Appeal - Final Judgment filed by David DeJuan Wise. (ydw, ) (Entered: 09/02/2005) |
| 09/19/2005 | 277 | Receive TRANSCRIPT REQUEST Sheet re 272 Notice of Appeal - Final Judgment from Susan James counsel for David DeJuan Wise, for Trial proceedings held on 3/15/05-3/18/05 before Judge Lyle E. Strom, Mitchell Reisner, Risa Entrekin and Sentencing proceedings of 7/13/05, before Judge Strom, Risa Entrekin C/R. Copy to Reporters(ydw, ) (Entered: 09/21/2005) |
| 10/13/2005 | 278 | ORDER granting Motion requesting to proceed in forma pauperis for purposes of obtaining a free transcript as to David DeJuan Wise (1). Signed by Judge Lyle E. Strom on 10/13/05. (ydw, ) (Entered: 10/13/2005) |
| 10/14/2005 | | TRANSCRIPT filed re 272 Notice of Appeal as to David DeJuan Wise for dates of 7/13/05 SENTENCING PROCEEDINGS before Judge Lyle E. Strom, Court Reporter: Risa Entrekin. (ydw, ) (Entered: 10/17/2005) |
| 10/14/2005 | | TRANSCRIPT filed re 272 Notice of Appeal as to David DeJuan Wise for dates of 3/18/05 JURY VERDICT before Judge Charles S. Coody, Court Reporter: Risa Entrekin. (ydw, ) (Entered: 10/17/2005) |
| 10/31/2005 | | TRANSCRIPT filed as to David DeJuan Wise, Lesley Octavius Reese for dates of 3/14/05, Jury Trial Proceedings (Vol. I) before Judge Lyle E. Strom, re 272 Notice of Appeal - Final Judgment Court Reporter, Mitchell Reisner. (ydw, ) (Entered: 11/01/2005) |
| 10/31/2005 | | TRANSCRIPT filed as to David DeJuan Wise, Lesley Octavius Reese for dates of 03/15/05, Jury Trial Proceeding (Vol. II) before Judge Lyle E. Strom, re 272 Notice of Appeal - Final Judgment Court Reporter Mitchell Reisner. (ydw, ) (Entered: 11/01/2005) |
| 10/31/2005 | | TRANSCRIPT filed as to David DeJuan Wise, Lesley Octavius Reese for dates of 03/16/05, Jury Trial Proceedings (Vol. III) before Judge Lyle E. Strom, re 272 Notice of Appeal - Final Judgment Court Reporter Mitchell Reisner. (ydw, ) (Entered: 11/01/2005) |
| 10/31/2005 | | TRANSCRIPT filed as to David DeJuan Wise, Lesley Octavius Reese for dates of 03/17/05, Jury Trial Proceedings (Vol. IV) before Judge Lyle E. Strom, re 272 Notice of Appeal - Final Judgment Court Reporter Risa Entrekin. (ydw, ) (Entered: 11/01/2005) |
| 11/09/2005 | | USCA Appeal Fees received $ 255.00, receipt number 108404 as to David DeJuan Wise re 272 Notice of Appeal - Final Judgment (ydw, ) (Entered: 11/10/2005) |

| 11/28/2005 | ⊘282 | CJA 24 as to David DeJuan Wise: Authorization to Pay Mitchell Reisner $ 2,890.80 for Jury Trial Transcript, held 3/14-17/05 . Signed by Judge Lyle E. Strom on 11/28/05. (ydw, ) (Entered: 12/05/2005) |
| 11/28/2005 | ⊘283 | CJA 24 as to David DeJuan Wise: Authorization to Pay Risa Entrekin $ 174.90 for Jury Trial of 3/15/05 and Sentencing 7/13/05 Transcript, . Signed by Judge Lyle E. Strom on 11/28/05. (ydw, ) (Entered: 12/05/2005) |
| 12/28/2005 | ⊘284 | Judgment Returned Executed as to David DeJuan Wise on 12/21/2005. (sql, ) (Entered: 12/29/2005) |
| 01/13/2006 | ⊘285 | Entry of Dismissal ISSUED AS THE MANDATE of USCA (certified copy) as to David DeJuan Wise re 272 Notice of Appeal - Final Judgment; Pursuant to 11th Cir.R.42-1(b), this appeal is hereby dismissed for want of prosecution because appellant has failed to file an appellant's brief and record excepts within the time fixed by the rules, effective this 10th day of January, 2006. FOR THE COURT - BY DIRECTION (ydw, ) (Entered: 01/13/2006) |
| 02/09/2006 | ⊘286 | ORDER of USCA as to David DeJuan Wise re 05-14710-EE, 272 Notice of Appeal - Final Judgment; Appellant's motion to reconsider order and reinstate this appeal is GRANTED. BEFORE: BLACK and BARKETT, Circuit Judges. (ydw, ) (Entered: 02/10/2006) |
| 03/02/2006 | ⊘ | Certificate of Readiness to US Court of Appeals re 05-14710-EE, 272 Notice of Appeal - Final Judgment (ydw, ) (Entered: 03/02/2006) |
| 03/16/2006 | ⊘ | Request for Record on Appeal By USCA Eleventh Circuit re: -5-14710-EE, 272 Notice of Appeal (ydw, ) (Entered: 03/16/2006) |
| 03/16/2006 | ⊘ | Certified and Transmitted Record on Appeal as to David DeJuan Wise to US Court of Appeals re 05-14710-EE, 272 Notice of Appeal - Final Judgment (ydw, ) (Entered: 03/16/2006) |
| 04/11/2006 | | (Court only) Payment Received from BOP: as to David DeJuan Wise $ 25.00 assessment, receipt number 109885 (ws, ) (Entered: 04/12/2006) |
| 06/19/2006 | | (Court only) Payment Received: as to David DeJuan Wise $ 275.00 fine, receipt number 14419027 (ws, ) (Entered: 06/19/2006) |
| 11/09/2006 | ⊘288 | Per Curiam Opinion received from USCA Eleventh Circuit of Opinion Entered on 10/10/06; AFFIRMED. (Entered: 11/09/2006) |
| 11/09/2006 | ⊘289 | JUDGMENT ISSUED AS MANDATE 10/10/06 of USCA (certified copy) as to David DeJuan Wise re 272 Notice of Appeal - Final Judgment; AFFIRMING the District Court's decision. (ydw, ) (Entered: 11/09/2006) |
| 11/09/2006 | ⊘ | Appeal Record Returned from USCA as to David DeJuan Wise: RE 05-14710-EE, 272 Notice of Appeal - Final Judgment (ydw, ) (Entered: 11/09/2006) |

| 02/20/2007 | 290 | (Pro-Se) MOTION to Appoint of Attorney by David DeJuan Wise. (ag, ) (Entered: 03/02/2007) |
|---|---|---|
| 03/02/2007 | | Case as to David DeJuan Wise Reassigned to Judge Myron H. Thompson (for post conviction matters) and Wallace Capel, Jr. Judge Lyle E. Strom, Vanzetta P. McPherson no longer assigned to the case. (ag, ) (Entered: 03/02/2007) |
| 03/08/2007 | 291 | ORDER denying 290 Motion to Appoint Counsel as to David DeJuan Wise (1). Signed by Judge Myron H. Thompson on 3/8/2007. (ag, ) (Entered: 03/08/2007) |
| 03/19/2007 | 292 | Pro-Se MOTION for Reconsideration and MOTION to Transfer by David DeJuan Wise. (Attachments: # 1 Letters)(ag, ) (Entered: 03/26/2007) |
| 03/28/2007 | 293 | ORDER denying 292 Motion for Reconsideration and Motion to Transfer as to David DeJuan Wise (1). Signed by Judge Myron H. Thompson on 3/28/2007. (ag, ) (Entered: 03/28/2007) |

⚖AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

<table>
<tr><td>MIDDLE</td><td>District of</td><td>ALABAMA</td></tr>
</table>

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| DAVID DEJUAN WISE | |

| | |
|---|---|
| Case Number: | 2:04-cr-00009-001-S |
| | (WO) |
| USM Number: | 11376-002 |
| | Susan James |
| | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

X was found guilty on count(s)   1s, 2s and 3s of the Superseding Indictment on March 18, 2005
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC 846 | Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Hydrochloride | 04/29/2003 | 1s |
| 21 USC 841(a)(1) and 18 USC 2 | Possession with Intent to Distribute Cocaine Hydrochloride; Aiding and Abetting | 04/29/2003 | 2s |
| 21 USC 844(a) | Possession of Cocaine Base | 04/29/2003 | 3s |

    The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

X The defendant has been found not guilty on count(s)   4s and 5s of the Superseding Indictment on March 18, 2005

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 13, 2005
Date of Imposition of Judgment

_Signature of Judge_

LYLE E. STROM, SENIOR UNITED STATES DISTRICT JUDGE
Name and Title of Judge

7/26/05
Date

AO 245B  (Rev. 12/03) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page ___2___ of ___6___

DEFENDANT:      DAVID DEJUAN WISE
CASE NUMBER:    2:04-cr-00009-001-S

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

240 Months.  This term consists of 240 months on each of Counts 1s and 2s and 60 months on Count 3s, all to be served concurrently.

X  The court makes the following recommendations to the Bureau of Prisons:
  The Court recommends that the defendant be designated to a facility where Intensive Residential Substance Treatment is available.

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

  ☐  at _____ ☐ a.m.  ☐ p.m.  on _____ .

  ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐  before 2 p.m. on _____ .

  ☐  as notified by the United States Marshal.

  ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT:         DAVID DEJUAN WISE
CASE NUMBER:    2:04-cr-00009-001-S

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

EIGHT YEARS. This term consists of eight (8) years on Counts 1s and 2s and three (3) years on Count 3s, all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 9/00) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page ___4___ of ___6___

DEFENDANT:          DAVID DEJUAN WISE
CASE NUMBER:        2:04-cr-00009-001-S

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in drug testing and/or treatment if directed by the probation officer. He shall contribute to the cost of any treatment based on ability to pay and availability of third party payments.

2. The defendant shall participate in a mental health treatment program as directed by the probation officer and contribute to the cost based on ability to pay and availability of third party payments.

3. The defendant shall submit to a search of his person, residence, office, and vehicle pursuant to the search policy of this Court.

|  |  |
|---|---|
| DEFENDANT: | DAVID DEJUAN WISE |
| CASE NUMBER: | 2:04-cr-00009-001-S |

Judgment — Page __5__ of __6__

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 300.00 | $ 0 | $ 0 |

The $300 assessment consists of a special assessment fee of $100 on each of Counts 1s, 2s and 3s.

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |

| | | | |
|---|---|---|---|
| **TOTALS** | $ _____ | $ _____ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __6__ of __6__

DEFENDANT:    DAVID DEJUAN WISE
CASE NUMBER:    2:04-cr-00009-001-S

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**    X    Lump sum payment of $ __300.00__ due immediately, balance due

☐    not later than _____ , or
☐    in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B**    ☐    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**    X    Special instructions regarding the payment of criminal monetary penalties:

All criminal monetary penalty payments shall be made to the Clerk, United States District Court, Middle District of Alabama, Post Office Box 711, Montgomery, Alabama 36101.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.