IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

2008 JAN 30 P 5: 57

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| v. | * CASE NO. 2:08cv17-MHT |
| DAVID DeJUAN WISE. | * |

**RESPONSE TO ORDER OF JANUARY 10, 2008**

Comes now Susan G. James, Attorney at Law, and former counsel for David DeJuan Wise and files this response to the Court's Order of January 10, 2008 directing counsel to file an affidavit in response to Wise's 28 U.S.C. §2255 and in support thereof states the following:

1. This Court entered an Order on January 10, 2008 directing undersigned counsel to file an affidavit in response to Wise's ineffective assistance claim in his 28 U.S.C. §2255.

2. Counsel attaches to this document an affidavit in response to the ineffective assistance claims filed by Wise.

Respectfully submitted this 30th day of January, 2008.

Susan G. James (JAM012)

SUSAN G. JAMES
Attorney at Law
600 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 269-3330
Fax: (334) 834-0353
E-mail: sgjamesandassoc@aol.com
Bar No: JAM012

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2008, I filed the foregoing with the Clerk of Court on

Clark Morris
AUSA
P. O. Box 197
Montgomery, Alabama 36101

Of Counsel

STATE OF ALABAMA

COUNTY OF MONTGOMERY

### AFFIDAVIT OF SUSAN G. JAMES

I, Susan G. James, am an Attorney at Law and have been duly licensed in the State of Alabama, in the Middle District of Alabama, since 1987. I am admitted to practice in the following Courts: all State Courts in Alabama; all Federal District Courts in Alabama; the United States District Court, Western District of Michigan; the United States District Court, Eastern District of Wisconsin; the United States District Court, Eastern District of Texas; the District of Arizona; the United States District Court, Northern District of Florida; and the United States District Courts for the Eastern and Western Districts of Arkansas; and the United States District Court, Central District of Illinois; and the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuit Courts of Appeal. Counsel is also admitted to practice in the United States Tax Court and the Supreme Court of the United States.

Counsel previously represented Wise in his criminal case, 2:04cr00009-001-T. He proceeded to a jury trial. He was charged in five separate drug related counts. The defendant was found guilty on Counts 1,2, and 3 and not guilty on Counts 4 and 5. Wise was sentenced on July 13, 2005 to 240 months by the advisory United States Sentencing Guidelines.

Counsel on behalf of Wise filed a brief to the Eleventh Circuit Court of Appeals challenging his conviction and sentence. His conviction and sentence were affirmed and he has presently filed a pro se 28 U.S.C. §2255. In the 2255 Wise alleges the undersigned was ineffective. As counsel best understands, in his pro se complaint, he appears to argue Counsel failed to file a pretrial motion challenging the government's probable cause to arrest him; to be resentenced based on a retroactive crack amendment to the United States Sentencing Guidelines; that the Court gave an improper jury charge to which counsel did not object. Counsel will attempt to address these claims of ineffective assistance of counsel in turn.

**Probable Cause for Arrest** - Wise contends that the undersigned should have filed a pretrial motion objecting to probable cause for his arrest based on the fact that the evidence indicated that he was suspected of drug involvement because of his behavior in the lobby of a bus station in Houston, Texas. Law enforcement testified at his trial that he was "scanning" the lobby. Counsel concedes that there was testimony from law enforcement drug interdiction officers from Houston, Texas that Wise and a companion were observed in the lobby of a bus station and were suspected of possible involvement with narcotics. The destination was Montgomery, Alabama and these officers notified Montgomery police of their observations. What Wise ignores is that when he arrived in Montgomery, observed entering a vehicle with an unidentified female (later charged as a co-defendant), and he was observed by law enforcement passing an item to the passenger in the vehicle, that was determined to be crack cocaine (Count 3 of the indictment).

Wise's arrest was based on this conduct and not the scanning of the bus lobby in Houston as he describes.

Wherefore there was no need to file a pretrial motion to dismiss for lack of probable cause to arrest as the same would have been meritless based on the facts argued as ground one of Wise's 28 U.S.C. §2255.

**Resentencing**

Wise contends that he should be resentenced based on the retroactive amendment to the United States Sentencing Guidelines lowering the base offense level for crack cocaine offenses

by two.

The United States government at Wise's sentencing urged a sentence of 360 months. The Honorable Lyle Strom, Sr., United States District Judge, used his discretion at sentencing and sentenced Wise to a 240 month sentence.

Wise does not appear in his 2255 to have assigned error to undersigned counsel as a result of the unavailability of the crack guideline line amendment at the time of his sentencing. Instead Wise seems to suggest to the Court that he should have 28 U.S.C. §2255 relief as a relates to the crack amendment. Counsel would agree with him as such should be favorable in his case. Unless otherwise directed Counsel will respond no further to this claim and/or request made by Wise.

**Jury Charge**

Wise's third and last claim is that he was denied his Sixth and Fifth Amendment rights to a fair trial because the Court gave an erroneous jury charge. Specifically, Wise states "the Court instructed the jury of its obligation and sworn duty to uphold its oath. He argued "the Court then gave the jury an explanation of the charges of the indictment. Notably, that the indictment is just an accusation. The Court further stated to the jury, without subsequent correction, that Wise had already plead guilty" to the charges and are presumed to be innocent unless an interpretation of guilty beyond a reasonable doubt." Wise claims that this jury charge was incorrect and wrong and as such violated his Fifth and Sixth Amendment rights to a fair trial and due process.

A review of the Court's comments as relates to this claim reveals the following:

The charges are set forth in what we call an indictment, that I've just summarized for you. You should understand that an indictment is simply an accusation. It is not evidence of anything. The defendants have entered a plea of guilty (sic) to these charges and are presumed to be innocent unless and until proven guilty beyond a reasonable doubt. (Exhibit A)

Based on the above, Counsel would concede ineffective assistance of counsel as relates to the Court's comment. This statement to the jury, although recognized by the Court Reporter as a misstatement, was not cleared up with the jury. This was an oversight on Counsel's part. The undersigned was extremely ill and under doctors care during the trial. Apparently this caused Counsel to miss this damaging statement wherein Wise's presumption of innocence was removed. As such Wise should receive a new trial.

Sworn and subscribed before me this 30th day of January 2008.

_____
Susan G. James

NOTARY PUBLIC

My commission expires 03/23/2012

_____
Notary Public

# EXHIBIT A

1  of what these crimes are about. The closing
2  instructions that I give you will be in detail as to
3  exactly what the Government must prove in order for
4  you to find the defendant guilty of these charges.
5      The charges are set forth in what we call an
6  indictment, that I've just summarized for you. You
7  should understand that an indictment is simply an
8  accusation. It is not evidence of anything. The
9  defendants have entered a plea of guilty (sic.) to
10 these charges and are presumed to be innocent unless
11 and until proven guilty beyond a reasonable doubt. It
12 will be your duty to decide from the evidence whether
13 either or both defendants are guilty or not guilty of
14 the crimes charged. From the evidence you will decide
15 what the facts are.
16     You are entitled to consider that evidence
17 in the light of your own observations and experiences
18 in the affairs of life. You may use reason and common
19 sense to draw deductions or conclusion from facts
20 which have been established by the evidence. You will
21 then apply those facts to the law which I give you in
22 these and in my other instructions and in that way
23 reach your verdict. You are the sole judges of the
24 facts, but you must follow the law as stated in my
25 instructions whether you agree with it or not.

Page 15

1      You are not to allow sympathy or prejudice
2  to influence you. The law demands of you a just
3  verdict unaffected by anything except the evidence,
4  your common sense and the law as I give it to you.
5  You should not take anything that I may say or do
6  during the course of this trial as indicating what I
7  think of the evidence or what I think your verdict
8  should be.
9      And finally, please remember that only these
10 two defendants, not anyone else, are on trial here and
11 that they are on trial only for the crimes which are
12 charged against them and not for anything else.
13     Now I've mentioned the word "evidence".
14 Evidence includes the testimony of witnesses, the
15 documents and other things received as exhibits, any
16 facts that had been stipulated that is formally agreed
17 to by the parties, and any facts that have been
18 judicially noticed. That is facts which I say you may
19 but are not required to accept as true, even without
20 evidence.
21     There are certain things that are not
22 evidence, and I'm going to list those for you now.
23 Number one, statements, arguments, questions and
24 comments by lawyers representing the parties are not
25 evidence. Number two, objections are not evidence.

Page 16

1  Lawyers have a right to object when they believe
2  something is inadmissible or improper. You should not
3  be influenced by the objection. If I sustain an
4  objection to a question, you must ignore the question
5  and must not try to guess what the answer might have
6  been.
7      Number three, testimony that I strike from
8  the record or tell you to disregard is not evidence
9  and must not be considered by you.
10     Number four, anything you see or hear about
11 this case outside the courtroom is not evidence unless
12 I specifically tell you otherwise during the trial.
13 Furthermore, a particular item of evidence is
14 sometimes received for a limited purpose only; that
15 is, it can be used by you only for one particular
16 purpose and not for any other purpose. I will tell
17 you when that occurs and instruct you on the purposes
18 for which the item can and cannot be used.
19     Finally, some of you may have heard the
20 terms "direct evidence" and "circumstantial evidence".
21 You are instructed that you should not be concerned
22 with those terms. The law makes no distinction
23 between direct and circumstantial evidence. You
24 should give all the evidence the weight and value you
25 believe it is entitled to receive.

Page 17

1      In deciding what the facts are you may have
2  to decide what testimony you believe and what
3  testimony you do not believe. You may believe all of
4  what a witness said or only part of it or none of it.
5  In deciding what testimony of any witness to believe,
6  consider the witness's intelligence, the opportunity
7  the witness had to have seen or heard the things
8  testified about, the witness's memory, any motives
9  that witness may have for testifying a certain way,
10 the manner of the witness while testifying, whether
11 the witness said something different at an earlier
12 time, the general reasonableness of the testimony and
13 the extent to which the testimony is consistent with
14 other testimony that you believe.
15     At the conclusion of the trial you may --
16 you must make your decisions based upon what you
17 recall of the evidence. You will not have a written
18 transcript to consult, and the court reporter cannot
19 read back lengthy testimony. Therefore it's important
20 that you pay close attention to the testimony as it is
21 given. If you wish, however, you may take notes, and
22 that's the purpose for the pads that I've had Mrs.
23 Rader furnish you.
24     If you do take notes, please keep them to
25 yourself until you and your fellow jurors go to the