IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID DEJUAN WISE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:08cv17-MHT |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

Pursuant to orders of this court, the United States has filed a response (Doc. No.7) addressing the claims presented by the petitioner in his § 2255 motion. In its response, the government contends, *inter alia*, that the § 2255 motion is due to be denied because the petitioner is entitled to no relief on the claims presented therein. Specifically, the government argues that the substantive claim presented in issue 3 of the petitioner's motion is procedurally barred because it could have been raised on direct appeal but was not *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994). The government also argues that even if this claims is not procedurally barred, it is meritless and entitles the petitioner to no relief. The government arguments that, likewise, the substantive claim presented in issue 2 of the petitioner's lacks merit and is not a basis for relief in this case. Finally, the government argues that the claims of ineffective assistance of counsel presented by the petitioner in issues 1 and 4 of his motion are without merit and rest on allegations that fail to establish either deficient performance or prejudice within the meaning of *Strickland v.*

*Washington*, 466 U.S. 668 (1984).

The petitioner is advised that a procedural default bars consideration of the merits of a claim unless the petitioner "can show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors." *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990); *see also Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). However, even if the petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a petitioner's federal constitutional claim where the petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Accordingly, it is

ORDERED that on or before March 5, 2008, the petitioner may file a reply to the response filed by the United States. Any documents or evidence filed after this date will not be considered by the court except upon a showing of exceptional circumstances. At any time after March 5, 2008, the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the motion as justice dictates." Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

The petitioner is instructed that when responding to the assertions contained in the government's response, he may file sworn affidavits or other documents in support of his

claims. Affidavits should set forth specific facts that demonstrate that the petitioner is entitled to relief on the grounds presented in his § 2255 motion. If documents that have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When the petitioner attacks the government's response by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2255 Proceedings in the United States District Courts*. The petitioner is advised that upon expiration of the time for filing a response to this order, the court will proceed to consider the merits of the pending § 2255 motion pursuant to Rule 8(a).

Done, this 12th day of February, 2008.

                                      /s/Wallace Capel, Jr.
                              WALLACE CAPEL, JR.
                              UNITED STATES MAGISTRATE JUDGE