UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID DEJUAN WISE, | ) | |
| PETITIONER | ) | |
| V. | ) | CIVIL ACTION NO: 2:08CV17-MHT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| RESPONDENTS | ) | |

### MOTION TO SUPPLEMENT AND AMEND THE PETITIONER'S HABEAS CORPUS 28 U.S.C. § 2255

Comes now, the petitioner, David D. Wise, Pro-se, in the above style cause and hereby moves this Honorable Court in a motion to amend pursuant to Fed. R.Civ. Proc. 15 (a), to his original Habeas Corpus and in support herein states the following:

1. That on or about January 2, 2008, the petitioner filed his Habeas Corpus 28 U.S.C. § 2255 Petition to vacate his federal conviction and set aside the sentence thereof.

2. That (as outlined in Issues 1 and 4) the petitioner raised two ineffective assistance of counsel claims.

3. That claim four (4), the petitioner's trial counsel was ineffective for failure to object to a jury instruction, in violation of clearly established federal law, where the court told the jury that he had pled guilty to the charges, in violation of Rule 410, of the Rules of Evidence. See: Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927).

4. That the petitioner's trial counsel (herein amended claim) did not inform him of the government's plea offer.  **(See attached Affidavit in support of Claim #1).**

1

The petitioner claims that he received ineffective assistance of counsel when his attorney failed to inform him that the government had made a plea offer.

In <u>United States ex rel. Caruso v. Zelinsky</u>, 689 F.2d 435 (3rd Cir. 1982), the defendant alleged that his counsel had failed to communicate to him a plea offer. The Caruso court held that "[t]he decision to reject a plea bargain offer . . . is a decision for the accused to make . . . a failure of counsel to advise his client of a plea bargain . . constitute[s] a gross deviation from accepted professional standards". Id. at 438 (citations omitted). In <u>United States v. Rodriguez</u>, 929 F.2d 747 (1st Cir. 1991), the First Circuit held that "there is authority which suggests that a failure by defense counsel to inform defendant of a plea offer can constitute ineffective assistance of counsel on grounds of incompetence alone, even absent any allegations of conflict of interest". Id. at 753 (citations omitted). The Seventh Circuit in <u>Johnson v. Duckworth</u>, 793 F.2d 898 (7th Cir.), Cert. denied, 479 U.S. 937, 107 S.Ct. 416, 93 L.Ed. 2d 367 (1986), held that "in the ordinary case criminal defense attorneys have a duty to inform their clients of plea agreements proffered by the prosecution, and that failure to do so constitutes ineffective assistance of counsel under the Sixth and Fourteenth Amendments". Id. at 902. The Fifth Circuit, in <u>Beckam v. Wainwright</u>, 639 F.2d 262 (5th Cir. 1981), held that although an attorney need not obtain defendant's consent to every trial decision, "where the issue is whether to advise the client to plead or not," "the attorney has the duty to advise the defendant of the available options and possible consequences" and failure to do so constitutes ineffective assistance of counsel. Id. at 267. Finally, the Sixth Circuit, in <u>Turner v. Tennessee</u>, 858 F.2d

2

1201 (6th Cir. 1988), vacated on other grounds, 492 U.S. 902, 109 S.Ct. 3208, 106 L.Ed. 2d 559 (1989), aff'd, 940 F.2d 1000 (6th Cir. 1991), cert. denied, _____ U.S. _____, 112 S.Ct. 915, 116 L.Ed. 2d 815 (1992), held that and attorney's incompetent advice resulting in the defendant's rejection of a plea offer constituted ineffective assistance of counsel. Id at 1205.

5. That the assertion in this amended pleading arises out of the same conduct, transaction and occurrence set forth in the original pleadings (Ineffective Assistance of Counsel). See: Mederos v. United States 218 F.3d 1252 (11th Cir. 2000), where the Eleventh Circuit Court of Appeals held "Furthermore, under Fed. R. Civ. P. 15 (c)(2) amendments of pleading relate back to the date of the original pleading, when the claim asserted in the amended pleading arises out of the same conduct, transaction, or occurrence set forth in the original pleadings".

Done this the 5th day of March 2008.

Respectfully submitted,

*David DeJuan Wise*
/s/ David Dejuan Wise

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 5th 2008, I served one true and correct copy of the motion to amend on the respondents, by deposing a copy of the same in the United States mail, first class, postage pre-paid and properly addressed below:

**Leura G. Canary**
United States Attorney
**Sandra J. Stewart**
Assistant United States Attorney
United States Attorney's Office
131 Clayton Street
Montgomery, Alabama 36101-0197

                                              /s/ David Dejuan Wise, Pro-Se
                                              U.S.P. Canaan
                                              Reg. No. 11376-002
                                              P. O. Box 300
                                              Waymart, Pennsylvania 18472



David Wise - F1
11376000
P.O. Box 300
Waymart, PA. 18472

Legal mail

United STATES District Court
P.O. Box 711
Montgomery, AL. 36101

## AFFIDAVIT

On March 15, 2005, at One Church Street, Montgomery, Alabama, around 9:30 A.M. in front of Judge Lyle Storm, I Tonney Lamar Hooks, gave a false statement (lied) about David Wise's involvement on April 29, 2003, at the Grey hound bus station in Montgomery, Alabama. The truth is that I, Tonney Lamar Hooks, found the black book bag. I picked it up and found that it was filled with clothes, I did not have knowledge that there were drugs in the bag. David wise had no knowledge of what was going on and should not have been charged and convicted for that very reason. The Statement that I made to officer Whittle, around 1:30 p.m. on April 29, 2003, was untrue (a lie).

Date: 8/19/07

Truthfully,

Tonney Lamar Hooks

Mario Chun
3/4/2008