IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID DEJUAN WISE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:08cv17-MHT |
| ) | (CR No. 2:04-cr-00009-LES-VPM-1) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**UNITED STATES'S RESPONSE TO SUPPLEMENT TO § 2255 MOTION**

COMES NOW the United States of America ("the Government") by and through its attorneys, Leura G. Canary, United States Attorney, and Sandra J. Stewart, Assistant United States Attorney, and in compliance with this Court's March 31, 2008 order, responds to Petitioner David DeJuan Wise's Supplemental Claim to his Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody, as follows:

**I. PROCEDURAL HISTORY AND RELEVANT FACTS**

The Government adopts the Procedural History And Relevant Facts outlined in its initial response to Petitioner David DeJuan Wise's Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody as if set out fully herein. In addition, the following relevant procedural history and relevant facts are offered for the Court's consideration.

The Government filed its United States's Response To § 2255 Motion, along with its exhibits, on February 11, 2008. (Doc. 7) In that response, the Government addressed each of the claims raised by Petitioner David DeJuan Wise ("Wise") in his § 2255 motion, asserting that

1

Wise had met the one-year statute of limitations under 28 U.S.C. § 2255; that one of his claims (claim 3) was procedurally barred from this Court's review because it could have been raised on direct appeal, but it was not, and even if it were properly before the court, it had no merit; that he was not entitled to relief on one of his claims (claim 2), because it was without merit; and that his two ineffective assistance of counsel claims (claims 1 and 4) were due to be denied because, as to each claim, he had failed to demonstrate deficient performance and/or prejudice.

On February 12, 2008, this Court issued an order permitting Wise to file a reply to the response filed by the Government on or before March 5, 2008. (Doc. 8) On February 28, 2008, Wise filed a Memorandum Of Law In Opposition To The Government's Response To Filed Section 2255 Motion. (Doc. 9) On that same date, Wise filed a Motion For Extension of Time, asking for an additional 14 days within which to file a reply to the Government's response (Doc. 10), which this Court construed as a motion to file a supplemental reply to the Government's response (Doc. 11). On March 14, 2008, this Court granted Wise's requested extension and permission to file the supplemental reply. (Doc. 11)

Wise then filed a Motion To Supplement And Amend The Petitioner's Habeas Corpus 28 U.S.C. § 2255, dated March 5, 2008, and docketed in this Court on March 28, 2008. (Doc. 12) In that motion, Wise raised one additional claim of ineffective assistance of counsel. (Doc. 12 at ¶ 4) On March 31, 2008, this Court ordered Wise's trial counsel to respond to the additional claim within 20 days of its order and for the Government to file a response to the additional claim within 30 days of the order. (Doc. 13) Wise's counsel, Ms. Susan G. James, filed her supplemental affidavit on April 18, 2008. (Doc. 14) This response is filed in accordance with the Court's March 31, 2008 order.

## II.  CLAIM RAISED IN AMENDED § 2255 MOTION

In his amendment to his § 2255 motion, Wise raises the following additional ineffective assistance of counsel claim:

> 5.  His counsel was ineffective because she failed to advise him of the Government's plea offer in the case.

Wise's additional ineffective assistance of counsel claim is untimely and barred by the statute of limitations contained in 28 U.S.C. § 2255 ¶ 6.  It should therefore be rejected.  It should also be rejected because Wise has failed to demonstrate counsel's performance was deficient or that he was prejudiced as a result.

## III.  RESPONSE TO CLAIM FOR RELIEF

**A.    Wise's Additional Ineffective Assistance Of Counsel Claim Is Barred From This Court's Review By The One-Year Statute Of Limitations Contained In 28 U.S.C. § 2255 Because It Does Not Relate Back To The Originally Timely-Filed Motion.**

As was noted in the Government's initial response to Wise's § 2255 motion, to be filed timely, Wise needed to file his § 2255 motion within one year of the date his judgment of conviction became final.  *See* 28 U.S.C. § 2255 ¶ 6.  The final judgment in Wise's case was entered on July 26, 2005.  *See* GX H (Doc. 21).  He timely appealed his sentence to the United States Court of Appeals for the Eleventh Circuit, which issued its opinion in the case on October 10, 2006.  *See* GX F.  A judgment of conviction becomes final for someone who appeals to an appellate court when the time for seeking certiorari review in the Supreme Court expires.  *See Close v. United States,* 336 F.3d 1283, 1284-85 (11th Cir. 2003); *Kaufman v. United States*, 282 F.3d 1336, 1337-39 (11th Cir. 2002).  Wise had 90 days from the October 10, 2006 opinion in which to file a petition for a writ of certiorari in the United States Supreme Court, and his

3

conviction and sentence became final for purposes of § 2255 when that 90 days was ended. *See* Sup.Ct. R. 13(1) and (3); *see also Close v. United States*, 336 F.3d at 1284-85. His conviction and sentence became final, therefore, on January 8, 2007. Under § 2255, Wise then had until January 8, 2008 – one year after January 8, 2007 – to file his motion in this Court. He filed the instant motion on January 2, 2008, within one year from the time the judgment in his case became final. It is, therefore, timely under the limitation period in § 2255 ¶ 6(1).

Even though Wise timely filed his initial motion, however, his additional ineffective assistance of counsel claim was not timely filed, because it does not relate back to the original motion. When an additional claim in an amended § 2255 motion does not relate back to the date of the initial motion, it may be barred by the one-year statute of limitations. *See Mayle v. Felix*, 545 U.S. 644, 656-665 (2005); *Pruitt v. United States*, 274 F.3d 1315 (2001). In the instant case, Wise's additional ineffective assistance of counsel claim does not relate back to the initial motion because it does not arise out of "the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *See* Fed. R. Civ. P. 15(c)(2). And because the additional ineffective assistance claim does not relate back, it is untimely under paragraph 6 of 28 U.S.C. § 2255 because it was not filed until, at the earliest, March 5, 2008 (the date he certified he put it in the prison mail for mailing), almost two months too late.

Both the Supreme Court and the Eleventh Circuit have noted that, for a claim to relate back under Rule 15(c)(2) of the Federal Rules of Civil Procedure and thereby make an untimely claim timely, the claim must "arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Mayle v. Felix*, 545 U.S. at 657; *see also Davenport v. United States*, 217 F.3d

4

1341, 1344-46 (11th Cir. 2000).  Moreover, "for an untimely § 2255 claim to relate back under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." *Dean v. United States*, 278 F.3d 1218, 1222 (11th Cir. 2002) (internal quotation marks omitted), *citing Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).  New untimely claims of ineffective assistance of counsel not arising out of the same set of facts as previously timely raised claims of ineffective assistance do not relate back to the original motion.  *See, e.g., Davenport v. United States*, 217 F.3d at 1344-46.

In this case, Wise raised four claims in his initial, timely § 2255 motion:  (1) his trial counsel was ineffective for failing to challenge the Government's probable cause to arrest him; (2) he has a Fifth Amendment right to be resentenced under *Kimbrough v. United States*, 125 S. Ct. 558 (2007); (3) he has a right to be resentenced in light of the Court's indication that it would have sentenced him to a lower sentence but that it did not have the authority to do so because of the Sentencing Guidelines and the 100 to 1 crack to powder cocaine ratio; and (4) his trial counsel was ineffective for failing to object to an improper jury instruction telling the jury Wise had already pleaded guilty to the offense.  None of these four claims involved pretrial proceedings, or more specifically, counsel's representation of Wise as it related to any plea negotiations.  The ineffective assistance of counsel claim Wise raises in his amended § 2255 motion concerns conduct separate from the conduct raised in the four original claims, and it involves a separate occurrence in both time and type from the previously raised claims. Therefore, the additional ineffective assistance of counsel claim does not relate back to the initial motion, and it is untimely.  It should be dismissed as a result.

**B.    Wise's Additional Ineffective Assistance Of Counsel Claim Should Also Be Denied Because He Has Failed To Demonstrate The Requisite Deficient Performance And Prejudice As To That Claim.**

The Government set forth at length, in its initial response, the law applicable to ineffective assistance of counsel claims, and it adopts that portion of its response as if set out fully here.  In short, to establish an ineffective assistance of counsel claim, a petitioner must establish both deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).  The failure of a petitioner to prove either prong of the ineffective assistance of counsel claim "constitutes a failure to demonstrate ineffective assistance of counsel." *Bottoson v. Moore*, 234 F.3d 526, 532 (11th Cir. 2000).  Wise has demonstrated neither deficient performance nor prejudice.

In his amended motion, Wise claims that his trial counsel "did not inform him of the government's plea offer."  He provides no additional facts in support of the ineffective assistance of counsel claim other than this bald assertion.  In response, his counsel, Ms. James, asserts:

> 3.    Counsel has reviewed David Dejuan Wise's file in this case and determined that plea discussions were had in this case and offers and discussions communicated to Wise.  However, Wise began to complain of mental issues and his case took the course of his attempt to be determined incompetent for purposes of standing trial.  Wise was adamant that he was going to trial and was uninterested in any plea offer that might be made to him by the United States Government.

*See* Supplemental Affidavit Of Susan G. James at ¶ 3.  Contrary to Wise's assertions, his counsel did in fact apprise him of any plea offers by the Government, but he was not interested.  Therefore, counsel's performance with regard to any plea offer by the Government was not deficient.

Further, even if Wise's assertion is taken as true – that his counsel did not advise him of

6

any plea offers – Wise has failed to demonstrate prejudice. He has not asserted (much less proved) that but for his counsel's failure to advise him of any plea offers, he would have accepted such an offer and would not have insisted on going to trial. To establish prejudice, Wise is required to prove that he would have accepted the offer. *See, e.g., Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995).

Wise has failed to demonstrate deficient performance or prejudice with regard to his additional ineffective assistance of counsel claim. It should, therefore, be rejected.

### IV. MISCELLANEOUS

Wise has failed to plead facts or present sufficient evidence or argument demonstrating that he is entitled to an evidentiary hearing on any of the claims raised in his initial § 2255 motion or in his amended motion, and his claims for relief should be denied without such a hearing. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *United States v. Laetividal-Gonzalez*, 939 F. 2d 1455, 1465 (11th Cir. 1991). Should this Court determine that Wise has made any arguments not addressed in this supplemental response, the Government would request the opportunity to further respond to those arguments.

Any facts not specifically admitted in this supplemental response are denied, and the arguments made as to each claim raised are asserted in the alternative.

### V. CONCLUSION

For the above reasons, and for the reasons asserted in the Government's initial response to the § 2255 motion, Petitioner David DeJuan Wise has failed to demonstrate that he is entitled to any relief from this Court, and his § 2255 motion, as amended, should be dismissed and denied

without an evidentiary hearing.

    Respectfully submitted this 30th day of April, 2008.

                        LEURA G. CANARY  
                        UNITED STATES ATTORNEY

                        /s/  Sandra J. Stewart  
                        SANDRA J. STEWART  
                        Assistant United States Attorney  
                        131 Clayton Street  
                        Montgomery, AL  36104  
                        (334) 551-1764  
                        (334) 223-7135

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID DEJUAN WISE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:08cv17-MHT |
| UNITED STATES OF AMERICA, | ) | (CR No.: 2:04-cr-00009-LES-VPM-1) |
| | ) | |
| Respondent. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2008, I electronically filed the foregoing response and attachments with the Clerk of the Court using the CM/ECF system and mailed, postage prepaid, a copy of this response to the *pro se* Defendant/Petitioner as follows:

> David Dejuan Wise
> Rg. #11376-002
> Fort Dix FCI
> P.O. Box 2000
> Fort Dix, NJ  08640

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/  Sandra J. Stewart
SANDRA J. STEWART
Assistant United States Attorney
131 Clayton Street
Montgomery, AL  36104
(334) 551-1764
(334) 223-7135