THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID DEJUAN WISE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:08cv17-MHT |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a supplemental response (Doc. No. 16) addressing the new claim of ineffective assistance of counsel asserted by Petitioner in the amendment to his 28 U.S.C. § 2255 motion. In its supplemental response, the government argues that Petitioner's new claim is barred by the one-year period of limitation applicable to § 2255 motions.[1] Specifically, the government contends that Petitioner's new claim does not "relate back" to the claims presented in his original § 2255 motion and is therefore time-barred, as it was not raised within one year of the date upon which Petitioner's conviction became final. *See Response of United States* (Doc. No. 16 at 2-4; *see also Pruitt v. United States*, 274 F.3d 1315, 1318-19 (11th Cir. 2001); *Davenport v.*

---

[1] Section 105 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for motions filed pursuant to § 2255. The section became effective on April 24, 1996. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

*United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). The government further maintains that Petitioner's new claim of ineffective assistance of counsel is without merit and rests upon allegations that fail to establish either deficient performance or prejudice within the meaning of *Strickland v. Washington*, 466 U.S. 668 (1984).

28 U.S.C. § 2255 provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The district court entered its judgment in Petitioner's criminal case on July 26, 2005. Petitioner filed a direct appeal, and on October 10, 2006, the Eleventh Circuit affirmed his conviction and sentence. Petitioner did not seek certiorari review in the Supreme Court. Therefore, as a matter of law, his conviction became final on January 8, 2007 (i.e., ninety days after the appellate court's decision affirming his conviction, *see Close v. United States*,

336 F.3d 1283, 1284-85 (11th Cir. 2003)).  Under 28 U.S.C. § 2255, Petitioner then had until January 8, 2008 (i.e., one year after January 8, 2007), to file a timely § 2255 motion.

Petitioner's original § 2255 motion was timely filed with this court on January 2, 2008.  However, any new claim asserted by Petitioner after January 2, 2008, is deemed untimely under § 2255's one-year period of limitation unless the new claim "relates back" to the claims presented in Petitioners's original § 2255 motion under Fed.R.Civ.P. 15(c).  In pertinent part, Rule 15(c) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2).  "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." *Davenport, supra,* 217 F.3d at 1344.

Petitioner filed his motion for leave to amend on or around March 5, 2008.  Upon review of the pleadings in this case, it appears that Petitioner's new claim of ineffective assistance of counsel contained in his motion for leave to amend does not "relate back" to the claims presented in his original § 2255 motion.[2]  *See Farris v. United States*, 333 F.3d

---

[2] In his motion for leave to amend, Petitioner raises the claim that his counsel was ineffective because she failed to advise him of a plea offer purportedly tendered by the government. His original § 2255 motion presented claims that (1) his counsel was ineffective for failing to challenge the government's probable cause to arrest him; (2) he has a Fifth Amendment right to be resentenced in light of the retroactive amendment to the Sentencing Guidelines related to crack cocaine; (3) he has a right to be resentenced in light of the district court's indication that it would have imposed a lower sentence if it had the authority to do so; and (4) his counsel was ineffective for failing to object
(continued...)

3

1211, 1215 (11th Cir. 2003); *Pruitt*, 274 F.3d at 1318-19; *Davenport*, 217 F.3d at 1344 (new claims of ineffective assistance of counsel not arising out of the same set of facts as previously timely raised claims of ineffective assistance do no relate back to the original motion).

Additionally, it does not appear that any of § 2255's exceptions to application of the limitation period are applicable to Petitioner's new claim. Specifically, the new claim does not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The court further notes that there is no evidence that the government prevented Petitioner from filing an earlier motion, nor has Petitioner submitted any grounds for relief that could not have been put forth earlier under the exercise of due diligence such that the limitation period begins to run at a time other than upon finality of Petitioner's conviction.

Under the circumstances of this case as outlined herein, it appears to the court that the one-year period of limitation of 28 U.S.C. § 2255 expired prior to Petitioner's filing of his March 5, 2008, motion for leave to amend his § 2255 motion. In light of the foregoing, it is

**ORDERED that on or before May 23, 2008, Petitioner shall show cause** why the new claim of ineffective assistance of counsel contained in his motion for leave to amend should not be dismissed as time-barred as it was not raised within the one-year limitation

---

[2](...continued)
to a jury instruction where the court informed the jury that Petitioner has already pled guilty to the charges.

period established by the AEDPA. and for the reasons argued by the government in its response.

Done this 1st day of May, 2008.

           /s/Wallace Capel, Jr.
         WALLACE CAPEL, JR.
         UNITED STATES MAGISTRATE JUDGE