IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID DEJUAN WISE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:08cv17-MHT |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a motion by federal inmate David DeJuan Wise ("Wise") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**I.   INTRODUCTION**

On March 18, 2005, a jury found Wise guilty of conspiracy to distribute and possess with the intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One); possession with the intent to distribute cocaine hydrochloride, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Two); and possession of cocaine base, in violation of 21 U.S.C. § 844(a) (Count Three). On July 13, 2005, the district court sentenced Wise to 240 months in prison on Counts One and Two and to 60 months on Count Three, all terms to run concurrently. Wise appealed to the Eleventh Circuit, and on October 10, 2006, the appellate court affirmed his convictions and

sentence.[1]  Wise did not seek certiorari review in the Supreme Court.

On January 2, 2008, Wise, acting *pro se*, filed this § 2255 motion (Doc. No. 1),[2] asserting the following claims:

1. Trial counsel was ineffective for failing to file a pretrial motion challenging the government's probable cause to arrest Wise.

2. Trial counsel was ineffective for failing to object to a jury instruction where the court stated that Wise and his codefendant had pled guilty to the charges.

3. Wise is entitled to be resentenced in light of the retroactive amendment to the Sentencing Guidelines related to crack cocaine.

4. Wise is entitled to be resentenced in light of the district court's indication that it would have imposed a lower sentence if it had the discretion to do so.

The government answered (Doc. No. 7), arguing that Wise had procedurally defaulted any claim not related to his claims of ineffective assistance of counsel and that, in any event, such claims lacked merit.  The government argued that Wise's claims of ineffective

---

[1] *See United States v. Wise*, [No. 05-14710] 200 Fed.Appx. 863 (11th Cir. Oct. 10, 2006) (unpublished). On appeal, Wise presented the following issues: (1) whether the evidence presented at trial was sufficient to sustain his convictions; (2) whether the district court ruled correctly when it excluded evidence concerning a letter written by one of Wise's coconspirators; (3) whether the district court abused its discretion when it excluded Wise's defense of diminished capacity; and (4) whether the district court erred when it denied Wise's request for a special verdict form as to drug quantity.

[2] Although Wise's motion was date-stamped "received" in this court on January 7, 2008, under the "mailbox rule," the court deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, January 2, 2008, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

assistance of counsel were likewise without merit and did not entitle him to any relief. Wise filed a response to the government's answer (Doc. No. 9) and, on separate occasions, sought to amend his § 2255 motion to add claims that (1) his counsel was ineffective for failing to advise him of a plea offer tendered by the government and (2) the district court "double counted" his prior convictions to increase his statutory minimum and maximum sentence, which led the district court to improperly sentence him as a career offender. (Doc. Nos. 12 & 19.) The government filed supplemental answers in which it argued that the new claims raised by Wise were time-barred because they were first presented after expiration of 28 U.S.C. § 2255's one-year limitation period and they did not relate back to claims in Wise's original § 2255 motion. (Doc. Nos. 16 & 23.) In addition, the government argued that Wise's new claims were meritless. (*Id*.) Wise was allowed an opportunity to respond to the government's supplemental answers and did so. (Doc. Nos. 18 & 25.)

After due consideration of Wise's § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

## II.  DISCUSSION

### A.  Claims of Ineffective Assistance of Counsel

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. To succeed on a claim of ineffective assistance of counsel, a petitioner must satisfy

both prongs of the test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The *performance* prong requires a petitioner to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The *prejudice* prong requires a petitioner to demonstrate that seriously deficient performance of his counsel prejudiced the defense. *Id*. at 687.

Under the performance component of the *Strickland* inquiry, a petitioner must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687). In any ineffective assistance analysis, scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000); *see Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen

4

is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). Thus, "[g]iven the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

Under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697 (A court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one."); *Duren v. Hopper*, 161 F.3d 655,

5

660 (11th Cir. 1998) ("[I]f a defendant cannot satisfy the prejudice prong, the court need not address the performance prong.").

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.... Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994).

### 1. *Ineffective Assistance: Failure to File Motion Challenging Probable Cause for Arrest*

Wise contends that his trial counsel rendered ineffective assistance by failing to file a pretrial motion challenging the government's probable cause to arrest him. (Doc. No. 1 at p. 5.) He maintains that the officers who effected his arrest did so "based only on the fact that he 'looked' suspicious while he and his alleged co-defendant were [in a] bus station" in Houston, Texas. (*Id.*)

Notwithstanding Wise's claim, the record reflects that Wise was not arrested merely because he and his codefendant Tonney Hooks were acting suspiciously at the Houston bus station. Law enforcement drug interdiction officers from Houston testified at trial that they initially became suspicious of Wise and Hooks because of their behavior in the lobby of the

bus station, which included "scanning" the lobby as though to identify police officers.[3] (*Trial Transcript-Volume II* at pp. 45-59 & 90-94.) After Wise and Hooks boarded a bus headed for Montgomery, Alabama, the Houston officers notified the narcotics division of the Montgomery Police department that two suspects might be delivering drugs to Montgomery. (*Id*. at pp. 94-95 & 104-05.) The Houston police gave Montgomery officers descriptions of the attire worn by Wise and Hooks and provided them with Hooks's last name. (*Id*.) When Wise and Hooks arrived in Montgomery the morning after departing Houston, Montgomery police observed them and tracked their movements at the Montgomery bus terminal. (*Id*. at pp. 106-07 & 128-29.) Wise and Hooks got off the bus separately, and officers trailed Wise to the parking lot, where they saw him meet a woman and accompany her to a nearby car. (*Id*. at pp. 107-109, 130-31 & 146-48.) After Wise took a seat on the passenger side of the car and the woman on the driver's side, the officers approached them. (*Id*. at pp. 130-31 & 146-48.) One of the officers then saw Wise tapping on the woman's leg with a clear plastic bag containing an off-white substance that appeared to be crack cocaine. (*Id*. at pp. 131-32.) The woman took the bag from Wise and attempted

---

[3]According to the officers' testimony, Wise and Hooks did not stand together in the bus station lobby; they looked around continuously; Wise bought two bus tickets for Montgomery just before the bus departed; after buying the tickets, Wise ran from the ticket counter and gave one of the tickets to Hooks, and Wise and Hooks then ran to board the bus just as it was leaving; and after boarding the bus, Wise and Hooks did not sit together, even though there were enough empty seats for them to do so. (*Trial Transcript-Volume II* at pp. 45-59 and 90-94.) The officers testified that the behavior of Wise and Hooks seemed suspicious because individuals traveling by bus on drug business tend to buy tickets and board buses at the last minute to avoid police questioning and search of their luggage. They also testified that Montgomery is regarded as a "demand city for narcotics." (*Id*.)

to hide it. (*Id.* at p. 132.) Before she could hide it, however, an officer opened the car door and grabbed her hand and the bag. (*Id.* at pp. 132 & 148-49.) The substance in the bag field-tested positive as crack cocaine.[4] (*Id.* at p. 118.) The police placed Wise and the woman under arrest. (*Id.* at pp. 110-11.) At this point, Hooks, who had got off the bus separately from Wise, came to the car accompanied by a police officer who had approached him in the parking lot and asked to speak with him. (*Id.* at pp. 109-11.) At the car, where Wise and the woman stood handcuffed, an officer asked Hooks if he could search the backpack and shopping bag Hooks was carrying. (*Id.*) Hooks consented, and, stuffed inside two socks in the backpack, the officer found two clear plastic bags filled with cocaine. (*Id.* at pp. 111 & 114-15.)

    Probable cause to arrest exists when the totality of facts and circumstances support a reasonable belief that a suspect has committed or is committing a crime. *United States v. Lindsey*, 482 F.3d 1285, 1291 (11th 2007) (citing *United States v. Gordon*, 231 F.3d 750, 758 (11th Cir. 2000)). Clearly, based on the totality of the facts and circumstances known to the Montgomery police officers, there was probable cause for Wise's arrest at the time it was effected. Wise had behaved suspiciously, was suspected of drug involvement, and was observed furtively passing a clear plastic bag containing what appeared to be crack cocaine

---

[4] It was later determined that the bag contained in excess of 22 grams of crack cocaine. (*Trial Transcript-Volume II* at p. 266.)

to the woman who met him at the Montgomery bus terminal.[5] Wise's arrest was based on all these facts, and not merely the fact that he looked suspicious while in the Houston bus station.[6] Because there was ample probable cause to arrest Wise, his trial counsel was not ineffective for failing to file a motion challenging the probable cause for his arrest. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel is not ineffective for failing to argue a meritless issue); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (same). Therefore, Wise is not entitled to any relief based on this claim.

### 2. *Ineffective Assistance: Failure to Object to Jury Instruction*

Wise contends that his trial counsel was ineffective for failing to object to a jury instruction where the district court incorrectly stated to jurors that Wise had pled guilty to the charges. (Doc. No. 1 at pp. 7-8.)

In a pretrial jury charge, before the presentation of any evidence, the court instructed the jury as follows:

> The charges are set forth in what we call an indictment, that I've just summarized for you. You should understand that an indictment is simply an accusation. It is not evidence of anything. *The defendants have entered a plea of guilty [sic] to these charges* and are presumed to be innocent unless and until proven guilty beyond a reasonable doubt. It will be your duty to

---

[5] It was later determined that the woman was Joanna Hooks, Tonney Hooks's sister. Joanna Hooks was charged as a coconspirator and was tried separately from Wise.

[6] In his reply to the government's answer, Wise asserts for the first time that his trial counsel was also ineffective for failing to move to suppress the cocaine evidence found in the search of the backpack carried by his codefendant Tonney Hooks. (Doc. No. 9 at pp. 13-15.) Wise fails to establish his standing to challenge this search and seizure. Moreover, trial testimony indicated that Hooks consented to the search, and Wise fails to demonstrate that Hooks did not in fact consent.

>  decide from the evidence whether either or both defendants are guilty or not guilty of the crimes charged. From the evidence you will decide what the facts are.

(*Trial Transcript-Volume II* at p. 14; emphasis added.)

Trial counsel should have objected to the district court's misstatement that Wise and his codefendant had entered a plea of guilty to the charges in the indictment. However, when considered in light of the entire jury charge, the court's slip of the tongue cannot reasonably be deemed to have prejudiced Wise. First, even in the immediate context in which the court's misstatement occurred, the court instructed jurors on the presumption of innocence and told jurors that it was their duty to determine whether Wise and his codefendant were guilty or not guilty of the charges, based on the evidence that would be presented at trial. Moreover, following the presentation of all the evidence in the case, the court, in its oral charge to the jury, correctly told jurors that "[t]he defendants have entered pleas of not guilty to these charges." (*Trial Transcript-Volume IV* at p. 262.) In addition, the court re-instructed jurors on the presumption of innocence and their duty to decide, based on the evidence presented at trial, whether Wise and his codefendant were guilty or not guilty of the crimes charged. (*Id.* at pp. 262-64.) Finally, before the jury began its deliberations, the court provided each jury member with a written copy of the same correct instructions contained in the oral charge that was given after the presentation of evidence. (*Id.* at pp. 182-83; *see also* Doc. No. 243 in Criminal Case No. 2:04cr09.)

When determining whether a jury instruction resulted in prejudice to a defendant, "a

single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Cupp v. Naughten*, 414 U.S. 141, 146-47 (1973). *See also Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (challenged instruction should be reviewed in the context of the instructions as a whole); *Peek v. Kemp*, 784 F.2d 1479, 1486 (11th Cir. 1986) ("[T]he trial court's instructions cannot be evaluated in the abstract, but rather must be considered in context."). Other jury instructions and the trial process itself can serve to better explain to the jury its task such that the impact of the offending instruction is neutralized. *See Francis v. Franklin*, 471 U.S. 307, 315 (1985); *Cupp*, 414 U.S. at 146-47 *Drake v. Francis*, 727 F.2d 990, 997-99 (11th Cir. 1984) (challenged part of jury instruction, which stated that a person of sound mind is presumed to intend the natural and probable consequences of his acts, was not unconstitutional when evaluated in light of the entire charge because the instructions included a clear statement that it was the state's responsibility to prove intent beyond a reasonable doubt, and there were numerous explicit references to the rebuttable nature of the presumptions, thus mitigating any untoward effect of the challenged part of instruction). In assessing the prejudicial impact of a challenged instruction, the inquiry should be whether there is a "reasonable likelihood" that the jury applied the instruction in an unconstitutional manner. *Estelle*, 502 U.S. at 72.

The undersigned finds that there is *not* a reasonable likelihood that the isolated slip of the tongue by the district court in its pretrial jury charge, when considered in the context of the court's entire jury charge and of the proceedings as a whole, misled jurors so as to

11

prejudice Wise in violation of his constitutional rights. Other jury instructions by the court and the trial process itself amply impressed upon jurors that Wise and his codefendant were presumed innocent; that the purpose of the trial was determine whether the defendants were guilty or not guilty of the charges; that it was the government's burden to prove the defendants' guilt beyond a reasonable doubt; and that it was the jury's duty to determine whether the government had met that burden. Any impact of the court's misstatement in its pretrial charge was effectively neutralized.

Because Wise has not established that he was prejudiced by the court's misstatement in its pretrial jury charge, he cannot show that he was prejudiced by his counsel's failure to object to the error. His inability to demonstrate prejudice precludes him from receiving any relief based on this claim of ineffective assistance of counsel. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) (to establish prejudice necessary to sustain ineffective assistance of counsel claim, petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable).

**B.    Substantive Claims Regarding Sentence**

   ***1.    Sentence Reduction Based on Amendment 706 to the Sentencing Guidelines***

Wise says he is entitled to be resentenced in light of the retroactive amendment to the Sentencing Guidelines related to crack cocaine. (Doc. No 1 at pp. 6-7.) He contends that Amendment 706 to the Sentencing Guidelines lowers his base offense level by two levels and, as a result, lowers his guideline range. (*Id.*)

12

A district court generally cannot modify a term of imprisonment once imposed. *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). However, there is an exception under 18 U.S.C. § 3582(c)(2) that provides:

> [When] a defendant ... has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994( o), ... the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also Moreno*, 421 F.3d at 1219. To qualify for relief under § 3582(c)(2) the amendment to the Sentencing Guidelines must be retroactively applicable, and only amendments listed in U.S.S.G. § 1B1.10(c) qualify as retroactively applicable amendments. *See* U.S.S.G. § 1B1.10(a)(1), (c); *United States v. Armstrong*, 347 F.3d 905, 907-08 (11th Cir. 2003). Amendment 706 is listed in § 1B1.10(c). Thus, for crack cocaine offenses, Amendment 706, considered along with Amendment 713, retroactively reduced applicable base offense levels.[7] *United States v. Moore*, 541 F.3d 1323, 1325 (11th Cir. 2008); *see also* U.S.S.G. App. C, Amend. 706 (2007); Amend. 713 (Supp. May 1, 2008).

First, even assuming Amendment 706 to be applicable to Wise's sentence, Wise's claim does not impugn the constitutionality of his sentence, and his attempt to obtain relief based on Amendment 706 is not properly before this court in his motion filed pursuant to 28 U.S.C. § 2255. The proper method to seek such relief is through a motion filed under 18

---

[7]Amendment 706 became retroactively effective on March 3, 2008, after Wise filed his § 2255 motion and while the motion was pending in this court.

13

U.S.C. § 3582(c)(2). Wise currently has a motion filed under § 3582(c)(2) that is pending before this court in his criminal case. The undersigned does not deem it proper to consider Wise's attempt to obtain the same relief pursuant to his § 2255 motion.

Moreover, the undersigned finds that Amendment 706 is not applicable to Wise's sentence. Wise was sentenced as a career offender, based on two prior felony drug convictions. *See* U.S.S.G. § 4B1.1. Accordingly, Wise was assigned an offense level of 37, because his instant offense had a maximum statutory penalty of life imprisonment. *See* U.S.S.G. § 4B1.1(b); *see also* 21 U.S.C. § 841(b)(1)(B). Because he was sentenced as a career offender, Wise's sentencing range was therefore determined by § 4B1.1, not by U.S.S.G. § 2D1.1. Although the Sentencing Commission lowered the offense levels in § 2D1.1(c) related to crack cocaine drug quantities, it did *not* lower the sentencing range for career offenders under § 4B1.1, which is what set Wise's sentencing range. Wise therefore does not met the eligibility requirements for a reduction in his sentence, because application of Amendment 706 would not lower his applicable guideline range.[8] *See Moore*, 541 F.3d at 1328. Wise is not entitled to any relief based on this claim.

---

[8]Wise had a Criminal History Category of VI. Based on his offense level of 37 (as provided by U.S.S.G. § 4B1.1(b)), his guidelines sentencing range was from 360 months to life in prison. Although the district court departed downward from the 360-month minimum by imposing a 240-month sentence, this departure did not involve sentencing Wise within the guideline range that would have been applicable were he not designated a career offender. Thus, for purposes of the applicability of Amendment 706, Wise's guideline range was *not* lowered, and Amendment 706 does not apply to his sentence. *See Moore*, 541 F.3d at 1329-30 (addressing the effect of downward departures applied at the original sentencing of career offenders seeking sentence reductions based on Amendment 706).

14

### 2.     *Court's Discretion to Impose Lighter Sentence Pursuant to* **Kimbrough v. United States**

Wise argues he should be resentenced in light of what he says was the district court's indication that it would have imposed a lower sentence if it had the discretion to do so. (Doc. No. 1 at p. 6A.) In this regard, Wise states:

> As an additional ground for relief, Mr. Wise claims that the United States Supreme Court ruling *United States v. Kimbrough* gives this [court] "discretion" [to] consider the 100-1 Crack/Cocaine powder disparity when fashioning a sentence. In light of this discretionary authority, Mr. Wise asserts his sentencing demonstrates this Court was willing to impose a lighter sentence had it not been for what the Court termed, by the Eleventh Circuit, "unauthorized sentence." Now that this Court [at] least has the discretionary authority to consider the 100-1 crack-to-cocaine powder [disparity], Mr. Wise requests that it takes upon that as it had indicated it did not ... prior to sentencing him – in fashioning Mr. Wise's sentence.

(*Id*.; footnote omitted.)

In *Kimbrough v. United States*, 552 U.S. 85 (2007), the Supreme Court held that judges may depart from the Sentencing Guidelines crack cocaine quantity ratio if the court determines that the ratio results in a sentence "greater than necessary" to achieve the purposes of 18 U.S.C. § 3553(a). *See* 552 U.S. at 109-10. As noted in this court's discussion of Wise's previous claim, Wise was sentenced as a career offender pursuant to the provisions of U.S.S.G. § 4B1.1. Thus the 100-1 crack/powder cocaine disparity had no bearing on the sentence Wise received, and Wise's contention that the holding in *Kimbrough* justifies a reduction in his sentence is misplaced. Additionally, Wise's argument under *Kimbrough* fails because *Kimbrough* was decided in December of 2007, several months

15

after Wise's conviction became final, and the Supreme Court has not made *Kimbrough* retroactively applicable to cases on collateral review. Finally, even assuming that *Kimbrough* applies in Wise's case, the record fails to support Wise's contention that the district court's sentencing determination was based on any misapprehension of its ability to consider the crack/powder cocaine disparity in sentencing Wise.[9] Wise is not entitled to any relief based on this claim.

## C.    Additional Claims Asserted in Amendments

As indicated above, Wise amended his § 2255 motion, on separate occasions, to add claims that (1) his counsel was ineffective for failing to advise him of a plea offer tendered by the government[10] and (2) the district court "double counted" his prior convictions to

---

[9]To the extent Wise might suggest that his counsel was ineffective for failing to assert a claim based on the holding in *Kimbrough*, such a claim is without merit. Counsel cannot be ineffective for failing to anticipate a change in the law. *See, e.g., United States v. Ardley*, 273 F.3d 991, 992 (11th Cir. 2001); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994); *Pitts v. Cook*, 923 F.2d 1568, 1572-74 (11th Cir. 1991). This "rule applies even if the claim based on anticipated changes in the law was reasonably available at the time counsel failed to raise it." *Ardley*, 273 F.3d at 993 (citing *Pitts*, 923 F.2d at 1572-74).

[10]With regard to his claim that his counsel was ineffective for failing to advise him of a plea offer by the government, Wise provides no supporting facts other than to baldly assert that he was not advised of the government's offer. (*See* Doc. No. 12.) Wise does not suggest how, if counsel indeed did not advise him of the plea offer, he came to know of its existence. In response to Wise's allegation in this regard, his trial counsel filed an affidavit in which she avers as follows:

> Counsel has reviewed David DeJuan Wise's file in this case and determined that plea discussions were had in this case and offers and discussions communicated to Wise. However, Wise began to complain of mental issues and his case took the course of his attempt to be determined incompetent for purposes of standing trial. Wise was adamant that he was going to trial and was uninterested in any plea offer that might be made to him by the United States Government.

(continued...)

increase his statutory minimum and maximum sentence, which led the district court to improperly sentence him as a career offender.[11] (*See* Doc. Nos. 12 & 19.) This court agrees with the government's contention that Wise's newly asserted claims fail to relate back sufficiently to the claims in his original § 2255 motion and are, as a consequence, untimely under the one-year period of limitation provided for by 28 U.S.C. § 2255.

Rule 15(c) of the Federal Rules of Civil Procedure provides that "[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *See* Fed.R.Civ.P. 15(c)(2). "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). For purposes of filing a § 2255 motion, Wise's conviction became final on January 7, 2007 – 90 days after the Eleventh Circuit affirmed his convictions and sentence.[12] *See Close v. United States*, 336 F.3d 1283, 1284-85 (11th Cir. 2003); *Kaufman v. United States*, 2892 F.3d 1336, 1337-39 (11th Cir. 2002). Accordingly,

---

[10](...continued)
(Doc. No. 14-2 at p. 1.)

[11]Wise fails to demonstrate that the district court improperly "double counted" his prior convictions or that it improperly sentenced him as a career offender. *See, e.g., United States v. Moore*, 541 F.3d 1323, 1325 (11th Cir. 2008) (where defendants convicted of drug offenses were subject to enhanced statutory maximums of life imprisonment because of prior drug convictions were also treated as career offenders under sentencing guidelines).

[12]As noted above, Wise did not seek certiorari review in the Supreme Court.

Wise had until January 8, 2008, to file a § 2255 motion that was timely under § 2255's one-year period of limitation. Wise filed his original § 2255 motion on January 2, 2008. Therefore, the claims in his original § 2255 motion were timely raised. However, he filed his amended motions, each of which contained a new claim, on March 5, 2008, and March 4, 2009, respectively.[13] Thus, each amendment was sought after § 2255's one-year deadline had expired. Accordingly, the new claims in Wise's amendments are time-barred unless they "relate back" under Fed.R.Civ.P. 15(c).

New claims asserted in an amended motion do not relate back to timely asserted claims where they arise from conduct and occurrences separate from the conduct and occurrences forming the basis of the timely asserted claims. *See Davenport*, 217 F.3d at 1346. Clearly, both of Wise's new claims arise from conduct and occurrences separate from the conduct and occurrences forming the basis of the claims contained in his original § 2255 motion, and neither new claim bears a legal or factual relationship to those earlier claims. "Congress did not intend Rule 15(c) to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts." *Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001). Thus, Wise's new claims do not "relate back" under Rule 15(c) and are barred from review because they are untimely under § 2255's one-year limitation

---

[13]Applying the mailbox rule, this court uses the dates Wise represents he signed his amended motions as the dates of filing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

period.[14]  *See Farris v. United States*, 333 F.3d 1211, 1215-16 (11th Cir. 2003); *Pruitt*, 274 F.3d at 1319.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Wise be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before December 28, 2009.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of*

---

[14]None of § 2255's exceptions to the limitation period are applicable to Wise's new claims. Specifically:  (1) the new claims do not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; (2) there is no evidence that the government prevented Wise from asserting the claims in an earlier motion; and (3) Wise has not submitted any grounds for relief that could not have been put forth earlier under the exercise of due diligence such that the limitation period would begin to run at a time other than upon finality of Wise's conviction.  *See* 28 U.S.C. § 2255 ¶ 6.  Nor has Wise established a basis for equitably tolling the limitation period as it applies to his new claims.

*Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 11th day of December, 2009.

/s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE